■ EILEEN DeGREGORIO, Respondent, v JOEL C. BENDER et al., Appellants, et al., Defendants. [772 NYS2d 89]—

In an action to recover damages for legal malpractice, the defendants Joel C. Bender, Law Offices of Joel C. Bender, P.C., Bender & Bodnar, P.C., Bender, Jenson, Silverstein & Castrataro, LLP, and Bender, Jenson & Silverstein, LLP, appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered June 7, 2002, which denied their motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellants.

On a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession, that the defendant's negligence was a proximate cause of the loss sustained, and that the plaintiff incurred actual damages (see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300, 303-304 [2001]; Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen, 303 AD2d 561, 562 [2003], lv denied 100 NY2d 511 [2003]; Ashton v Scotman, 260 AD2d 332 [1999]; Saferstein v Klein, 250 AD2d 831 [1998]).

The plaintiff claims that she entered into a stipulation of settlement in a matrimonial action that was detrimental to her interests because of the negligence of the appellants, her attorneys. Specifically, she contends that the appellants failed to appraise certain marital assets, including her former husband's pension, and failed to inform the Supreme Court of her lithium withdrawal, and that her withdrawal affected her competency to enter into the stipulation.

The Supreme Court erred in concluding that there were issues of fact regarding the appellants' representation of the

plaintiff in the underlying matrimonial action. The plaintiff is collaterally estopped from asserting the claim involving her alleged lithium withdrawal by a prior order of the Supreme Court which denied her motion to vacate the stipulation and determined that she was competent to enter into the stipulation (*see Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349-350 [1999]). While the prior order does not preclude litigation of the remainder of the plaintiff's cause of action asserted against the appellants (*see Weiss v Manfredi,* 83 NY2d 974 [1994]; *Rapp v Lauer,* 200 AD2d 726, 728 [1994]), the appellants established their entitlement to judgment as a matter of law on that part of the cause of action. In opposition, the plaintiff failed to raise a triable issue of fact. In the stipulation, which was read into the record in open court, the parties explicitly acknowledged that they had been advised by their respective attorneys of their right to disclosure regarding the value of their property and business interests, that certain disclosure had been conducted, and that to the extent it had not been conducted, they waived their right to any further disclosure. In response to questions from the Supreme Court, the plaintiff further acknowledged that she participated in the negotiation of the agreement and understood its terms, that no one had forced her into the agreement, and that she wanted the court to approve the settlement. The plaintiff's claims in this action are belied by the terms of the stipulation and her approval of those terms in open court. Consequently, the Supreme Court should have granted the appellants' motion. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.