■ Scott Suchin et al., Appellants, v Robert W. Frederick, Respondent. [817 NYS2d 351]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from so much of a judgment of the Supreme Court, Westchester County (Barone, J.), entered November 24, 2004, as, upon a decision of the same court dated November 9, 2004, made after a nonjury trial, is in favor of the defendant and against them dismissing the complaint. The notice of appeal from the decision is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is reversed insofar as appealed from, on the facts and the law, with costs, and the plaintiffs are awarded specific performance of the contract for the sale of real property.

Although the seller did not sign the contract for the sale of the subject real property, it is undisputed that the seller did execute a basement construction rider, which specifically stated "WHEREAS, the [seller] has entered into a Contract of Sale with the [buyers] to construct and sell to the [buyers] a one-family residence located [at] 53 Carman Road, in the Town and Village of Scarsdale and known on [the] Tax Map as Section 9, Block 6, Lot 53, 54." It is further undisputed that the seller's

attorney prepared the contract for the sale of the real property, and the seller admitted that he had intended to sign it at the same time that he signed the basement construction rider; however, the buyers had not executed and returned the contract of sale to his attorney.

Thereafter, the seller informed the buyers that he would not sell the real property to them. The buyers commenced this action, among other things, for specific performance of the contract for the sale of the real property, and the seller asserted, inter alia, the defense of the statute of frauds. After a bench trial, the court found that enforcement of the contract for the sale of the real property was barred by the statute of frauds, and dismissed the complaint. The buyers appeal.

We agree with the buyers that they established that the terms of the unsigned contract of sale are enforceable despite the statute of frauds, because that contract is clearly referable to the same transaction as the fully executed basement construction rider, which expressly stated that the parties had a contract for the seller to sell the real property to the buyers (*see Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48 [1953]). As such, we reverse the judgment in favor of the seller, and award the buyers specific performance of the contract of sale.

The seller's remaining contention is without merit. Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.