■ SURI KATEBI, Appellant, v PAUL FINK et al., Respondents. [857 NYS2d 109]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 22, 2007, which granted defendants' motion to dismiss the complaint for failure to state a cause of action for legal malpractice, unanimously affirmed, without costs.

While "[a] claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel" (*Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1990]), here, the complaint is contradicted by the evidentiary material submitted on the motion to dismiss (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Plaintiff testified that she did not wish to proceed with the trial of the matrimonial action, that she decided instead to enter into the stipulation of settlement because she wanted no further connection with her husband, that she understood that by settling the action before the completion of the trial she was foregoing the right to pursue the funds allegedly dissipated by him, and that she was satisfied with the services provided by her attorney.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Sweeny and Acosta, JJ.