■ ROBERT W. FREDERICK, Appellant-Respondent, v JEFFERSON D. MEIGHAN et al., Respondents, and PHILIP A. DeCARO et al., Respondents-Appellants. [905 NYS2d 635]—

In an action to recover damages for legal malpractice, the plaintiff appeals from stated portions of an order of the Supreme Court, Westchester County (Giacomo, J.), dated March 18, 2009, which, inter alia, denied his motion for summary judgment on the issue of liability, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Jefferson D. Meighan and Meighan & Necarsulmer pursuant to CPLR 3211 (a) (4), and granted those branches of the cross motion of the defendants Philip A. DeCaro and DeCaro & DeCaro, P.C., which were for summary judgment dismissing so much of the complaint as alleged that those defendants committed legal malpractice by failing to interpose a claim in an underlying action for rescission of a certain construction agreement based on mistake, by failing to interpose an affirmative defense in the underlying action of rescission based on mistake, and by arguing on an appeal in the underlying action that the plaintiff instructed the defendants Jefferson D. Meighan and Meighan & Necarsulmer to send the construction agreement to the attorneys for the other parties to that agreement, which argument was contrary to the plaintiff's testimony at the trial of the underlying action, and the defendants Philip A. DeCaro and DeCaro & DeCaro, P.C., cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing so much of the complaint as alleged that they committed legal malpractice by failing to advise the plaintiff of a potential legal malpractice claim against the defendants Jefferson D. Meighan and Meighan & Necarsulmer.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Jefferson D. Meighan and Meighan & Necarsulmer pursuant to CPLR 3211 (a) (4) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof, sua sponte, directing dismissal of the complaint insofar as asserted against the defendants Jefferson D. Meighan and Meighan & Necarsulmer pursuant to CPLR 3211 (a) (4), (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Jefferson D. Meighan and Meighan & Necarsulmer, and substituting therefor a provision granting that branch of the motion, (3) by deleting the provisions thereof granting those branches of the cross motion of the defendants Philip A. DeCaro and DeCaro & DeCaro, P.C., which were for summary judgment dismissing so much of the complaint as alleged that they committed legal malpractice by failing to interpose a claim in the underlying action for rescission of a certain construction agreement based on mistake, failing to interpose an affirmative defense in the underlying action of rescission based on mistake, and arguing on appeal in the underlying action that the plaintiff instructed the defendants Jefferson D. Meighan and Meighan & Necarsulmer to send the construction agreement to the attorneys for the other parties to that agreement, which argument was contrary to the plaintiff's testimony at the trial of the underlying action, and substituting therefor provisions denying those branches of the cross motion, (4) by deleting the provision thereof denying that branch of the cross motion of the defendants Philip A. DeCaro and DeCaro & DeCaro, P.C., which was for summary judgment dismissing so much of the complaint as alleged that those defendants committed legal malpractice by failing to advise the plaintiff of a potential legal malpractice claim against the defendants Jefferson D. Meighan and Meighan & Necarsulmer, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendants appearing separately and filing separate briefs.

In 1999 the plaintiff, a home builder, began negotiating with

prospective buyers of a home he was building, and he retained Jefferson D. Meighan of the law firm Meighan & Necarsulmer (hereinafter together the Meighan defendants) to represent him in the real estate transaction. In January 2000 the plaintiff was prepared to sign a contract of sale and a separate basement construction agreement that had been forwarded by the buyers' attorney to Meighan's office. However, after executing the basement construction agreement, the plaintiff discovered that the buyers had not executed the attached contract of sale, which included additional terms not previously agreed to in the parties' negotiations. Consequently, the plaintiff did not sign the contract of sale, and he told Meighan that the deal with the buyers was off and to proceed accordingly. Thereafter, Meighan received a copy of the contract of sale executed by the buyers, but the plaintiff was no longer interested in proceeding with the sale. On March 2, 2000, Meighan sent a package of documents, including the signed basement construction agreement and the contract of sale signed by the buyers but not the plaintiff, back to the buyers' attorney with a transmittal letter advising, in effect, that the plaintiff no longer desired to sell the house to the buyers.

The buyers thereafter commenced an action, inter alia, for specific performance of the contract of sale (hereinafter the underlying action) against the plaintiff and the Meighan defendants. The plaintiff retained Philip A. DeCaro of the law firm DeCaro & DeCaro, P.C. (hereinafter together the DeCaro defendants), to represent him in the underlying action. Principally relying on a statute of frauds defense, DeCaro successfully moved to dismiss the complaint in the underlying action. However, on appeal, this Court reversed and awarded specific performance to the buyers (see Suchin v Frederick, 30 AD3d 503 [2006]), explaining as follows: "We agree with the buyers that they established that the terms of the unsigned contract of sale are enforceable despite the statute of frauds, because that contract is clearly referable to the same transaction as the fully executed basement construction rider, which expressly stated that the parties had a contract for the seller to sell the real property to the buyers (see Crabtree v Elizabeth Arden Sales Corp., 305 NY 48 [1953]). As such, we reverse the judgment in favor of the seller, and award the buyers specific performance of the contract of sale" (Suchin v Frederick, 30 AD3d at 504).

While the underlying action was pending, the plaintiff commenced a legal malpractice action against the Meighan defendants and the DeCaro defendants. Upon a motion by the DeCaro

defendants, that legal malpractice action was dismissed as premature, and the plaintiff was granted leave to commence a second action in the event the buyers in the underlying action were awarded damages.

Following this Court's decision on the appeal in the underlying action and the subsequent award of damages to the buyers, the plaintiff commenced this action against the Meighan defendants and the DeCaro defendants to recover damages for legal malpractice. As against the Meighan defendants, the plaintiff principally alleged that the inclusion of the executed construction agreement in the package of documents sent back to the buyers' attorney constituted legal malpractice, as it enabled the buyers to obtain specific performance of the contract of sale (*see Suchin v Frederick*, 30 AD3d 503 [2006]). As against the DeCaro defendants, the plaintiff principally alleged that their failure to interpose a rescission defense based upon mistake in the underlying action constituted legal malpractice. In addition, the plaintiff alleged that the DeCaro defendants' failure to advise him of a potential legal malpractice claim against the Meighan defendants and to interpose a legal malpractice cross claim against them in the underlying action constituted legal malpractice.

At the outset, we find that the Supreme Court improvidently exercised its discretion in, sua sponte, directing dismissal of the complaint insofar as asserted against the Meighan defendants pursuant to CPLR 3211 (a) (4) in view of the continued pendency of the first legal malpractice action against those defendants, which relief was not requested by any party in this action (*see Clair v Fitzgerald*, 63 AD3d 979, 980 [2009]; *Frankel v Stavsky*, 40 AD3d 918, 919 [2007]).

We further find that the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the Meighan defendants. In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). Here, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the Meighan defendants failed to demonstrate the existence of any triable issues of fact with respect to their liability for legal malpractice (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Northrop*

*v Thorsen*, 46 AD3d 780, 784 [2007]; *Jampolskaya v Victor Gomelsky, P.C.*, 36 AD3d 761, 762 [2007]). Contrary to the Meighan defendants' contention, inasmuch as the plaintiff did not sustain "actionable injury" until this Court awarded the buyers specific performance in the underlying action, the plaintiff's legal malpractice cause of action against them was not time-barred (*McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *see Kerbein v Hutchison*, 30 AD3d 730, 732 [2006]). Also contrary to the Meighan defendants' contention, their malpractice was a proximate cause of the injury in this case. If the DeCaro defendants are found to have also committed malpractice, the Meighan defendants and the DeCaro defendants may both be liable as successive tortfeasors who each contributed to the same injury (*see Schauer v Joyce*, 54 NY2d 1, 6 [1981]; *Soussis v Lazer, Aptheker, Rosella & Yedid, P.C.*, 66 AD3d 993, 994-995 [2009]; *Khlevner v Tylo*, 16 Misc 3d 1129[A], 2007 NY Slip Op 61628[U] [2007]).

The Supreme Court should have denied those branches of the DeCaro defendants' cross motion which were for summary judgment dismissing so much of the complaint as alleged that they committed legal malpractice by failing to interpose a claim in the underlying action for rescission of the construction agreement based on mistake, by failing to interpose an affirmative defense in the underlying action of rescission based on mistake, and by arguing on appeal in the underlying action that the plaintiff instructed the Meighan defendants to send the construction agreement to the attorneys for the other parties to that agreement, which argument was contrary to the plaintiff's testimony at the underlying trial. While the DeCaro defendants contend that a rescission defense based on unilateral mistake would not have been successful in the underlying action for specific performance, specific performance may be denied based on unilateral mistake where the other party must have been aware of the mistake (*see Da Silva v Musso*, 53 NY2d 543, 548 [1981]; *Sheridan Drive-In v State of New York*, 16 AD2d 400, 405 [1962]; *Harper, Inc. v City of Newburgh*, 159 App Div 695, 696-697 [1913]). However, the Supreme Court should have granted that branch of the DeCaro defendants' cross motion which was for summary judgment dismissing so much of the complaint as alleged that they committed legal malpractice by failing to advise the plaintiff of a potential legal malpractice claim against the Meighan defendants. As discussed above, the plaintiff lacked a viable legal malpractice claim against the Meighan defendants until this Court awarded the buyers specific performance.

The parties' remaining contentions either are without merit

or need not be reached in light of our determination. Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.