DEBRA WEISSMAN, Appellant, v ELLYN D. KESSLER, ESQ., et al., Respondents, et al., Defendants. [912 NYS2d 25]—

Orders, Supreme Court, New York County (Richard F. Braun, J.), entered November 28, 2008, which, in an action alleging legal malpractice, granted the motion of defendant Harvey G. Landau, Esq., to dismiss the complaint as against him; granted the motion of defendants Ellyn D. Kessler, Esq., Larry Hutcher, Esq., and Davidoff Malito & Hutcher, LLP to dismiss the first and second causes of action as against them; granted the motion of defendants James J. Nolletti, Esq., and Collier, Halpern, Newberg, Nolletti & Bock, LLP (Nolletti defendants) to dismiss the third and fourth causes of action as against them; and denied plaintiff's motion to consolidate this action with a fee dispute pending in Supreme Court, Westchester County, unanimously affirmed, without costs.

The underlying divorce action in which defendants represented plaintiff was settled by dictation of a settlement agreement in open court. Plaintiff's motion to set aside the settlement on the ground, inter alia, that she lacked the mental capacity to understand and agree to the terms of the settlement was denied, which denial was affirmed by the Second Department (*Weissman v Weissman*, 42 AD3d 448 [2007], *lv denied* 9 NY3d 813 [2007]). There, the Court held the terms of the stipulation to be enforceable, that plaintiff "failed to carry her burden of demonstrating that she lacked the mental capacity to

understand and agree to the terms of the stipulation of settlement," and that she ratified its terms by accepting the benefits thereof for more than one year (*id.* at 450).

Here, the motion court properly dismissed plaintiff's legal malpractice claims. The evidence shows that with respect to the Nolletti defendants, the retainer agreement signed by plaintiff contained an express waiver relieving the Nolletti defendants from any liability for events occurring in the underlying divorce action prior to their engagement (*see e.g. Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd.*, 7 NY3d 458, 465 [2006]). Based upon the retainer agreement, the Nolletti defendants would not have been responsible for the claimed malpractice. Moreover, as to all defendants, the evidence establishes that when entering into the settlement of the divorce action, plaintiff acknowledged in open court that she was satisfied with counsels' representation, and that she entered into the settlement agreement with the knowledge that her husband's real estate partnership investments had not yet been valued (*see Katebi v Fink*, 51 AD3d 424 [2008]).

The doctrine of collateral estoppel precludes relitigation of the issues as to plaintiff's distributive award and mental status. Such issues were previously determined in the settlement, the motion to set aside the settlement was denied and the Second Department affirmed the denial of said order (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659 [1990]; *Siegel v Competition Imports*, 296 AD2d 540, 541-542 [2002]).

The breach of contract claims were properly dismissed as duplicative of the legal malpractice claims (*see e.g. Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082 [2005], *lv denied* 6 NY3d 701 [2005]).

In view of the foregoing, the court properly denied plaintiff's motion to consolidate this action with a fee dispute in Westchester County as academic.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.