■ LISA DI GIACOMO, Also Known as LISA DI GIACOMO-FRANGIONE, et al., Appellants, v MICHAEL S. LANGELLA, P.C., et al., Respondents. [990 NYS2d 221]—

In an action to recover damages for legal malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated October 11, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied that branch of their cross motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 29, 2002, the plaintiffs commenced an action seeking damages in connection with an automobile accident that took place on May 23, 2000 (hereinafter the personal injury action). The personal injury action was dismissed on July 19, 2006, upon the plaintiffs' default in appearing for trial. On or about August 15, 2006, the plaintiffs, represented by attorney Michael S. Langella, moved by order to show cause to vacate their default and restore the personal injury action to the trial calendar. The plaintiffs' motion to vacate the default was denied in an order dated November 16, 2006, and that order was affirmed on appeal (see *Frangione v Daniels*, 44 AD3d 708 [2007]).

The plaintiffs commenced this action against, among others, Michael S. Langella, P.C., and Michael S. Langella (hereinafter together the Langella defendants), alleging legal malpractice. In a judgment dated June 24, 2009, the Supreme Court dismissed the complaint insofar as asserted against the Langella defendants, based upon the plaintiffs' failure to state a cause of action against them. In a decision and order dated September 14, 2010, this Court, inter alia, reinstated the complaint against the Langella defendants (see *DiGiacomo v Levine*, 76 AD3d 946 [2010]). Following joinder of issue, the Langella defendants moved, among other things, for summary judgment dismissing the complaint. The plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability. In an order dated October 11, 2012, the Supreme Court, among other things, granted the Langella defendants' motion and denied the plaintiffs' cross motion.

To sustain a cause of action alleging legal malpractice, a plaintiff must establish that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession," and that the attorney's breach of this duty proximately caused the plaintiff actual and ascertainable damages (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation

marks omitted]; *see Hamoudeh v Mandel*, 62 AD3d 948, 949 [2009]; *Bauza v Livington*, 40 AD3d 791 [2007]).

Even if a plaintiff establishes the first prong of a legal malpractice cause of action, the plaintiff must still demonstrate that he or she would have succeeded on the merits of the action but for the attorney's negligence (*see Frederick v Meighan*, 75 AD3d 528 [2010]; *Conklin v Owen*, 72 AD3d 1006 [2010]; *Hamoudeh v Mandel*, 62 AD3d at 949; *McCluskey v Gabor & Gabor*, 61 AD3d 646, 648 [2009]; *Peak v Bartlett, Pontiff, Stewart & Rhodes, P.C.*, 28 AD3d 1028 [2006]). "[A]s to [this] second prong, the plaintiff must plead and prove actual, ascertainable damages as a result of an attorney's negligence" (*Dempster v Liotti*, 86 AD3d 169, 177 [2011]; *see Frederick v Meighan*, 75 AD3d at 532).

"To obtain summary judgment dismissing a complaint in an action to recover damages for legal malpractice, a defendant must demonstrate that the plaintiff is unable to prove at least one of the essential elements of [his or her] legal malpractice cause of action" (*Boglia v Greenberg*, 63 AD3d 973, 974 [2009]; *see Dempster v Liotti*, 86 AD3d 169 [2011]; *Kotzian v McCarthy*, 36 AD3d 863 [2007]; *DeGregorio v Bender*, 4 AD3d 384 [2004]).

Here, the alleged malpractice relates to the sufficiency of the order to show cause and supporting papers prepared by the Langella defendants and submitted on behalf of the plaintiffs in the personal injury action, pursuant to which they moved to vacate their default in the personal injury action. A motion to vacate a default by a plaintiff in appearing for trial requires the demonstration of a reasonable excuse and an affidavit setting forth the merits of the cause of action (*see* CPLR 5015; *Tuthill Fin., L.P. v Ujueta*, 102 AD3d 765 [2013]; *G.D. Van Wagenen Fin. Servs., Inc. v Sichel*, 43 AD3d 1104 [2007]; *Tyberg v Neustein*, 21 AD3d 896 [2005]; *Kumar v Yonkers Contr. Co., Inc.*, 14 AD3d 493, 494 [2005]; *Hargett v Health & Hosps. Corp. of City of N.Y.*, 88 AD2d 633 [1982]). An attorney's conduct and performance in connection with a motion to vacate a default may constitute legal malpractice (*see Reznick v Zurich N. Am. Specialties*, 45 AD3d 750 [2007]; *DeGregorio v Bender*, 4 AD3d 384 [2004]).

The Langella defendants established, prima facie, that the plaintiffs had no reasonable excuse for their default in appearing for jury selection in the personal injury action, thus establishing that the alleged inadequecy of the motion papers that they prepared on the plaintiffs' behalf was not the proximate cause of the plaintiffs' damages (*see DeGregorio v Bender*, 4 AD3d 384 [2004]). In opposition, the plaintiffs failed

to raise a triable issue of fact as to whether they had a reasonable excuse for their default that could have been communicated to the Langella defendants for inclusion in the papers submitted in connection with the motion to vacate the plaintiffs' default (*see Kotzian v McCarthy*, 36 AD3d 863 [2007]; *DeGregorio v Bender*, 4 AD3d 384 [2004]).

Accordingly, the Supreme Court properly granted that branch of the Langella defendant's motion which was for summary judgment dismissing the complaint.

For the same reasons, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

In light of our determination, we need not reach the plaintiffs' remaining contentions. Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur. 