■ JOETTA DAWSON, Formerly Known as JOETTA DEAN, Appellant, v RONALD SCHOENBERG, Respondent. [10 NYS3d 575]—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Goodstein, J.), entered April 9, 2013, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In a prior criminal proceeding, the plaintiff was convicted of three counts of course of sexual conduct against a child and one count of sexual abuse in the second degree based upon allegations that she sexually abused two of her children over a period of years. On appeal, this Court reversed the judgment of conviction on the grounds that the plaintiff was deprived of the effective assistance of counsel and that, when viewed as whole, the manner in which the trial was conducted deprived her of her right to a fair trial. Accordingly, this Court remitted the matter to the County Court, Nassau County, for a new trial before a different Judge (*see People v Dean*, 50 AD3d 1052 [2008]). After the new trial, the plaintiff was acquitted of the charges against her. Thereafter, she commenced this legal malpractice action against the attorney who represented her at the first trial. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court denied her motion, concluding that she failed to establish her prima facie entitlement to judgment as a matter of law.

To recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *Biberaj v Acocella*, 120 AD3d 1285, 1286 [2014]). Even where a plaintiff establishes that his or her attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by members of the legal profession, the plaintiff must still demonstrate causation (*see Di Giacomo v Michael S. Langella, P.C.*, 119 AD3d 636, 638 [2014]).

For the reasons stated more fully in our decision and order in a companion appeal (*see Dawson v Schoenberg*, 129 AD3d 656 [2015] [decided herewith]), the plaintiff failed to demonstrate, prima facie, that her convictions were "due to the attorney's actions alone and not due to some consequence of [her] guilt" (*Britt v Legal Aid Socy.*, 95 NY2d 443, 447 [2000]; *see Dombrowski v Bulson*, 19 NY3d 347, 350 [2012]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability, without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.