■ FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, as Subrogee of Albarano Holding Corp., Appellant, v LITE & RUSSELL, P.C., et al., Respondents. (And a Third-Party Action.) [18 NYS3d 660]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by its brief, from so much an order of the Supreme Court, Suffolk County (Mayer, J.), dated August 22, 2013, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

In 2005, the defendants, Lite & Russell, P.C., and Justin Lite (hereinafter together the Lite defendants), represented Albarano Holding Corp. (hereinafter Albarano), a private mortgage lender, at a closing for a loan transaction. After the closing, the Lite defendants wired certain proceeds of the loan transaction to a Swiss bank account in Zurich, allegedly acting under the instructions of the purported borrowers. The individuals purporting to be the borrowers were later discovered to be imposters. Albarano then filed a claim with the plaintiff to recover the subject proceeds. The plaintiff paid Albarano, and thereafter commenced the instant action, as subrogee of Albarano, against the Lite defendants to recover damages, inter alia, for legal malpractice. The Lite defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We reverse the order insofar as appealed from.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the at-

torney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]). Even where a plaintiff establishes that an attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by members of the legal profession, the plaintiff must still demonstrate causation (*see Dawson v Schoenberg*, 129 AD3d 655 [2015]; *Di Giacomo v Michael S. Langella, P.C.*, 119 AD3d 636, 638 [2014]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442).

Here, in support of their motion, the Lite defendants established, prima facie, inter alia, that Lite did not fail to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession (*see Feldman v Finkelstein & Partners, LLP*, 131 AD3d 505 [2015]; *Schiff v Sallah Law Firm, P.C.*, 128 AD3d 668 [2015]). However, in opposition, the plaintiff raised a triable issue of fact, inter alia, as to whether Lite's conduct in wiring the subject funds constituted legal malpractice and whether this conduct was a proximate cause of Albarano's damages (*see Blanco v Polanco*, 116 AD3d 892, 894-895 [2014]). Accordingly, the Supreme Court should have denied the Lite defendants' motion for summary judgment.

The plaintiff's remaining contention is without merit. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.