Karakash v Trakas (2018 NY Slip Op 05292)





Karakash v Trakas


2018 NY Slip Op 05292


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-04876
 (Index No. 10518/16)

[*1]Edward Karakash, appellant, 
v
Arthur G. Trakas, etc., respondent.


Galasso & Langione, LLP, Garden City, NY (Peter J. Galasso of counsel), for appellant.
Landman Corsi Ballaine & Ford P.C., New York, NY (William G. Ballaine and Sarah T. Tremer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 30, 2017. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff retained the defendant to represent him in a divorce action. The action was settled by a written stipulation of settlement.
The plaintiff subsequently commenced this legal malpractice action against the defendant. The complaint alleged, among other things, that the defendant had failed to engage in the necessary due diligence to determine the identity and value of the marital assets involved in the underlying divorce action. The complaint further alleged that the plaintiff had been heavily medicated when he entered into the stipulation of settlement and that he did not understand the terms of the stipulation of settlement when he signed it.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The defendant argued that certain allegations in the complaint were barred by the doctrine of collateral estoppel and that others were conclusively refuted by documentary evidence, which included the stipulation of settlement in the divorce action and a transcript from proceedings in that action. In the order appealed from, the Supreme Court granted the defendant's motion to dismiss the [*2]complaint. The plaintiff appeals, and we affirm.
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 872, 874). Collateral estoppel applies if the issue sought to be precluded is identical to an issue that was raised, necessarily decided, and material in the prior action, and the party opposing preclusion had a full and fair opportunity to contest the issue in the earlier action (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 350).
CPLR 3211(a)(5) provides that "[a] party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of . . . collateral estoppel" (see Burgos v New York Presbyt. Hosp., 155 AD3d 598, 600). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see Jeffreys v Griffin, 1 NY3d 34, 39; Clifford v County of Rockland, 140 AD3d 1108, 1109).
Here, in support of his motion to dismiss pursuant to CPLR 3211(a), the defendant submitted a copy of a cross motion made by the plaintiff in the underlying divorce action in which he sought to vacate the stipulation of settlement. The defendant also submitted a copy of the Supreme Court's order in the divorce action which denied the plaintiff's cross motion. The defendant's submissions established that the issue of the plaintiff's competency, and his contention that the stipulation of settlement was entered into based on his misunderstanding of its terms, were matters that were previously determined in the prior divorce action. Accordingly, we agree with the court's determination that the doctrine of collateral estoppel precluded the plaintiff from re-litigating these issues (see DeGregorio v Bender, 4 AD3d 384, 385).
We also agree that the remaining allegations underlying the complaint were flatly contradicted by the documentary evidence submitted in connection with the defendant's motion. "On a motion to dismiss under CPLR 3211, the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff is to be afforded every favorable inference" (Simkin v Blank, 19 NY3d 46, 52; see Leon v Martinez, 84 NY2d 83, 87; Hershco v Gordon & Gordon, 155 AD3d 1007, 1008). At the same time, however, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Maas v Cornell Univ., 94 NY2d 87, 91 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1, 11; Sweeney v Sweeney, 71 AD3d 989, 991). A motion to dismiss a complaint based on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Stein v Garfield Regency Condominium, 65 AD3d 1126, 1128).
Here, in support of his motion to dismiss, the defendant submitted a copy of the underlying stipulation of settlement in the divorce action, and a transcript from the divorce proceeding on the day the stipulation was signed by the parties. This evidence flatly refuted the plaintiff's allegation that the defendant had failed to engage in the necessary due diligence to determine the identity and value of the marital assets involved in the underlying divorce action. [*3]Since the remaining allegations in the complaint were flatly refuted by the defendant's documentary evidence, we agree with the Supreme Court's determination to grant the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint (see Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 757-758; Weissman v Kessler, 78 AD3d 465, 466; Katebi v Fink, 51 AD3d 424, 425; Pacella v Whiteman Osterman & Hanna, 14 AD3d 545, 545-546; Laruccia v Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, 295 AD2d 321, 321-322).
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court