## Kaufman v Boies Schiller Flexner LLP

2024 NY Slip Op 33049(U)

August 29, 2024

Supreme Court, New York County

Docket Number: Index No. 154149/2018

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **Hon. James d'Auguste** | **PART 55** |
| | *Justice* | |

-----------------------------------------------------------------------------------X

BETH COPLAN KAUFMAN,

Plaintiff,

- v -

BOIES SCHILLER FLEXNER LLP, DINA KAPLAN,
BENDER AND KAPLAN PC, JOEL C. BENDER ESQ. PC

Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154149/2018 |
| **MOTION DATE** | 11/27/2023, 01/09/2024 |
| **MOTION SEQ. NO.** | 014 015 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 014) 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 295, 296, 298, 299, 301, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 358, 364

were read on this motion to/for             SUMMARY JUDGMENT (AFTER JOINDER)   .

The following e-filed documents, listed by NYSCEF document number (Motion 015) 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 294, 297, 300, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 359, 360, 361, 362, 363

were read on this motion to/for                   SUMMARY JUDGMENT          .

Motion Sequence Nos. 014 and 015 – in which defendant Boies Schiller Flexner LLP ("BSF"), and defendants Bender and Kaplan PC, Dina Kaplan and Joel C. Bender (collectively "BK") respectively move for summary judgment pursuant to CPLR 3211(c) and 3212 - are consolidated for disposition and granted to the extent and for the reasons set forth below.

## *Background*

The facts underlying this heavily-litigated action are detailed in this Court's prior decisions dated April 22, 2021 (NYSCEF Doc Nos. 134-136) and July 21, 2021 (NYSEF Doc. No. 167), and the Appellate Division, First Department's following decisions and orders, with which the parties are familiar. See, *Kaufman v Boies Schiller Flexner, LLP*, 211 A.D.3d 428 (1st Dept. 2022); and *Kaufman v Boies Schiller Flexner*, LLP, 224 A.D.3d 500, 501 (1st Dept. Feb. 15, 2024).

**154149/2018  KAUFMAN, BETH COPLAN vs. BOIES SCHILLER FLEXNER LLP**        **Page 1 of 6**
**Motion No.  014 015**

1 of 6

Briefly, this action stems from defendants' representation of plaintiff in a contested matrimonial action captioned *Kaufman v Kaufman* under Westchester County Index No. 4815/2012 ("the Divorce Proceeding"). After settlement of the custody and financial issues in the Divorce Proceeding, plaintiff commenced an action for breach of contract for alleged overbilling and for a Judiciary Law § 487 violation against defendants. The First Department affirmed dismissal of most of the claims in this action, save for plaintiff's claim alleging overbilling and unnecessary expenses associated with attorneys not admitted to practice law in, or based out of, New York. The Court subsequently granted plaintiff leave to amend their complaint and replead that allegation more fully, and defendants now seek to dismiss those re-pled allegations. By decision and order dated August 21, 2023, the Court converted defendants' respective motions to dismiss into motions for summary judgment pursuant to CPLR 3211(c), which the Court now grants.

### *Discussion*

In considering defendants' motions, the Court notes the established principles in New York that conclusory statements by a non-moving party are insufficient to create an issue of fact, and "it is well settled that the allegations contained in pleadings are not acceptable as the evidential proof required to defeat a summary judgment application." *Indig v. Finkelstein*, 29 A.D. 2d 851, 852 (1st Dept. 1968); *see also*, *McGahee v. Kennedy*, 48 N.Y.2d 832, 834 (1979). The overarching flaw in plaintiff's case is that her breach of contract claim is premised upon a contract she alleges (and have benefitted from that argument) is itself hopelessly flawed. By relying upon a referee's undisturbed finding that the parties' retainer agreement was unenforceable as a basis for excusing her own non-performance as contracted, plaintiff cannot then assert that agreement as a legal basis for relief. The Court noted as much at oral argument, stating that plaintiff "trying to use the rules

as a sword and a shield…is very problematic," and it remains so. (NYSCEF Doc. No. 286). Thus, plaintiff's claims cannot lie in breach of contract because the evidence does not establish the bedrock element of a breach of contract claim: a valid and enforceable contract. *See, Heijung Park v. Nam Yong Kim*, 205 A.D.3d 429 (1st Dept. 2022). In the equitable remains of *quantum meruit* and quasi-contract, plaintiff fares no better.

Despite plaintiff's contradictory assertions that BSF's services were inadequate, she ratified that work by "intentionally accepting benefits," of the retainer agreement. *See, Glover v. Bob's Disc. Furniture, LLC*, 621 F. Supp. 3d 442, 448 (S.D.N.Y. 2022). Plaintiff's continued argument that she did not understand or is dissatisfied by the divorce settlement to which she agreed is belied by her testimony on the record at the allocution of that settlement. *See, Katebi v Fink*, 51 A.D.3d 424 (1st Dept. 2008). It is not lost on the Court that plaintiff is now taking a contradictory position in complaining about overbilling concerning invoices that she previously reviewed, paid for, and testified under oath represented legal services with which she was satisfied years ago when rejecting and defending against her now-ex-husband's billing claims during the underlying matrimonial matter. (NYSCEF Doc. Nos. 293 and 364). Plaintiff's conclusory and self-serving allegations about those same bills fail to create genuine issues of material fact on her claims now, and plaintiff cannot use the invoices she proffers claiming BK overbilled her as a sword, while simultaneously asserting BK cannot use those same invoices as a shield for their own defense. Plaintiff's claims of unauthorized practice of law do not resuscitate her complaint either. There is no material question from the record as to whether defendants permitted or engaged in (let alone billed for) unauthorized practice.[1] Moreover, the documentary evidence also indicates

---

[1] In fact, at a November 13, 2014 hearing in the underlying matrimonial action, that court stated, "I see no reason why [counsel in question] can't participate with counsel, provided he makes no appearance and states nothing on this record or participates, and no questioning of witness or argues to this court," which the record indicates was complied with. (NYSCEF Doc. Nos. 291, 292, 293, 364).

**154149/2018   KAUFMAN, BETH COPLAN vs. BOIES SCHILLER FLEXNER LLP**
**Motion No.  014 015**

Page 3 of 6

3 of 6

plaintiff not only knew that that lawyer at issue was not admitted in New York and did not ask for them to be removed from the case, but instead accepted his services, and made payments for them without objection at the time. *Cf.*, *Englese v. Sladkus*, 59 Misc.3d 1218(A) (Sup. Ct., New York Co. 2018).

At bottom, there is no material dispute that plaintiff paid approximately half of over $1.4 million in legal bills from defendants for their services to plaintiff. Although plaintiff alleges that defendants improperly increased hourly billing rates and charged for excessive and duplicative services, there is no dispute in the record that plaintiff knowingly retained two law firms to handle her matrimonial action, and signed two retainer agreements, requiring the two firms communicate with each other as part of their representation of plaintiff. Indeed, the record indicates that Defendants advised plaintiff on multiple occasions that she could avoid potential duplicative billing if she did not demand that both BK and BSF be present for all the meetings and strategy sessions, yet she insisted all counsel be present. (NYSCEF Doc. Nos. 280, 356, and 363). That defendants would then submit similar or overlapping bills is something to be expected rather than a basis for a subsequent claim. Unlike a fee-shifting claim, where "the governing test of reasonableness is objective," and "not dictated by a particular client's subjective desires or tolerance for spending," the client's subjective desires are what govern here, where "the Court's review of [the record] suggests that [plaintiff] opted to pay for, and received, the Cadillac Escalade, not the Honda Civic." *S.H. v. N.Y.C. Dept. of Educ.*, Dkt. No. 21-cv-4967, 2022 U.S. Dist. LEXIS 14385, *21 (S.D.N.Y. Jan. 26, 2022) (quotation and citation omitted), *affd, sub nom. H.C. v. N.Y.C. Dept. of Educ.*, 71 F.4th 120 (2d Cir. 2023); and *Beastie Boys v. Monster Energy, Co.*, 112 F. Supp. 3d 31, 52 (S.D.N.Y. 2015). Plaintiff was free to seek that work, defendants were free to provide it, and plaintiff does not raise a genuine issue of material fact as those choices now.

**154149/2018   KAUFMAN, BETH COPLAN vs. BOIES SCHILLER FLEXNER LLP**          **Page 4 of 6**
**Motion No.  014 015**

[* 4]                                                            4 of 6

Indeed, the sheer magnitude of the fees that plaintiff did not pay, including, extraordinarily, for the entirety of a 22-day trial, extinguishes any reasonable question about equitable claims.

Finally, plaintiff claims BK admitted their representation terminated by its own terms upon the entry of the judgment of divorce, asserting that no evidence has been submitted to show that a new retainer agreement was executed thereafter. As such, plaintiff argues it was impermissible for BK to bill her for post-judgment matters absent execution of a new or amended retainer agreement (NYSCEF Doc. No. 356). Kaplan, however, contends that while BK's services completed at the time the final judgment of divorce was entered, there were ancillary matters relating to the settlement to handle, including effectuating its terms, and the sale of the marital residence, among other things. Kaplan asserts, and the record supports for summary judgment, that plaintiff insisted on BK's involvement in these post-judgment matters, noting it is common practice that attorneys stay on for a winding up of affairs post-judgment (NYSCEF Doc. Nos. 265, 363).

None of these legal and factual issues are curable by new pleadings, the Court denies leave to amend yet again. Noting that the First Department has previously affirmed the Court in properly exercising "its discretion in determining that [plaintiff's claims then at issue] were palpably insufficient and clearly devoid of merit," plaintiff has already been given multiple opportunities to craft a viable claim rather than "an increasingly conspiratorial spin on the facts, asserting claims that are implausible on their face and otherwise clearly refuted by the record." *Kaufman*, 224 A.D.3d at 501. The record amply establishes there is no new ground upon which an amended pleading may plow, and plaintiff's obligation "to conduct lawsuits in a disciplined and efficient manner in order...to assure [both sides] that their claims will be expeditiously and fairly resolved," does not favor dilatory leave to amend. *Isaly v. Garde*, 2022 NY Slip Op 34108(U), *9 (Sup. Ct.,

**154149/2018   KAUFMAN, BETH COPLAN vs. BOIES SCHILLER FLEXNER LLP**
**Motion No.  014 015**

**Page 5 of 6**

New York Co. 2022), *affd.*, 216 A.D.3d 594 (1ˢᵗ Dept. 2023), *lv. dismissed*, 40 N.Y.3d 1088 (Jan. 16, 2024).

Accordingly, it is hereby

ORDERED that BSF's motion is granted; and it is further

ORDERED that BK's motion is granted; and it is further

ORDERED that this action is dismissed.

This constitutes the decision and order of the Court.

| **8/29/2024** | | | |
|---|---|---|---|
| **DATE** | | | **James d'Auguste, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154149/2018   KAUFMAN, BETH COPLAN vs. BOIES SCHILLER FLEXNER LLP**
**Motion No.  014 015**

Page 6 of 6

6 of 6

[* 6]