■ EDUARDO BALLESTERO et al., Appellants, v HAF EDGECOMBE ASSOCIATES, L.P., et al., Respondents. [823 NYS2d 512]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 11, 2005, which granted the defendants' motion to dismiss the complaint, and denied their cross motion to restore the action to the trial calendar.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion to dismiss the complaint is denied, and the cross motion to restore the action to the trial calendar is granted.

The plaintiff Eduardo Ballestero (hereinafter the injured plaintiff), sustained injuries in 1992 while working at a construction site. At some point, he became a "civilian [employed] by the United States Department of Defense as an Able Body Seaman." There is some evidence that his duties required him to be "stationed outside the Continental United States," and permitted him to "return home [only] when [he had] leave and/or vacation time." At his deposition, the injured plaintiff testified that he worked on an "ammunition ship" that traveled to "different places like Guam . . . Japan [and] Korea."

A note of issue was filed in 1999. The defendants did not make a timely motion to vacate that note of issue (*see* 22 NYCRR 202.21 [e]). At various times, the action was stayed, or placed on a "stay calendar," which may have been done as the result of an incorrect belief that the injured plaintiff was "in military service" (Military Law § 304; *see* 22 NYCRR 212.18 [f]).

The defendants moved to dismiss the complaint as abandoned pursuant to CPLR 3216, but the Supreme Court relied on CPLR

3404 in dismissing the action. Dismissal was not appropriate under either statute. First, there was no proof that the action was marked "off" the calendar as that term is used in CPLR 3404. The issuance of a stay of the action, or the placement of the action on the equivalent of a military calendar was not the equivalent of marking the case "off" the calendar (*see generally Basetti v Nour,* 287 AD2d 126, 132-133 [2001]; *cf. Travis v Cuff,* 28 AD3d 749 [2006]; *Islam v Katz Realty Co.,* 296 AD2d 566, 568 [2002]).

Nor was dismissal warranted pursuant to CPLR 3216. The plaintiffs filed a timely note of issue. CPLR 3216 is no longer available based on a plaintiff's "unreasonable neglect to proceed" after the filing of the note of issue (*Chase v Scavuzzo,* 87 NY2d 228, 231, 233 [1995]; *see* CPLR 3216 [d]; *Basetti v Nour, supra* at 128; *Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 194 [2001]).

Accordingly, the Supreme Court erred in granting the motion to dismiss the action and in denying the cross motion to restore the action to the trial calendar. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.