■ Jairo Duque et al., Respondents, v Patricia Perez et al., Appellants. [944 NYS2d 586]—

In an action, inter alia, to recover damages for legal malpractice, etc., the defendants Patricia Perez and Alan R. Lewis appeal, and the defendant Allan Kuslansky separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated March 31, 2011, as denied those branches of their respective motions which were for summary judgment dismissing the cause of action to recover damages for legal malpractice insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff Jairo Duque (hereinafter Duque) allegedly slipped and fell in a hole in a parking lot at a medical facility in Middletown. He and his wife allegedly retained the defendant attorneys to commence a personal injury action on his behalf (hereinafter the underlying action). After the statute of limita-

tions had expired, the medical facility filed an answer containing an affirmative defense that it did not own the property. The defendant Allan Kuslansky presented the plaintiffs with a general release, which they executed, and informed them that Duque had "a better medical malpractice case" against the doctor who, after the accident, performed surgery on Duque's knee. The underlying action was discontinued.

The plaintiffs thereafter commenced the instant action, inter alia, to recover damages for legal malpractice, etc., alleging, among other things, that the defendants failed to timely commence an action against the owner of the property. The defendants Patricia Perez and Alan R. Lewis moved for summary judgment dismissing the complaint insofar as asserted against them, contending, among other things, that there was no attorney-client relationship between them and the plaintiffs. Kuslansky separately moved for summary judgment dismissing the complaint insofar as asserted against him. All of the defendants argued, among other things, that any alleged malpractice did not cause the plaintiffs to sustain any losses because the plaintiffs would not have succeeded in an action against the premises owner. Specifically, they argued that the plaintiffs would not have been able to establish that the premises owner had actual or constructive notice of the alleged defective condition. In the order appealed from, the Supreme Court, inter alia, denied those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action to recover damages for legal malpractice insofar as asserted against each of them.

"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession'; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel*, 9 NY3d 836, 837 [2007] [some internal quotation marks omitted], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]). " 'To establish the element of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence' " (*Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d 566, 566 [2011], quoting *Snolis v Clare*, 81 AD3d 923, 925 [2011]). On a motion for summary judgment in the legal malpractice context, the defendant must "demonstrate that the plaintiff is unable to prove at least one of the essential

elements of a legal malpractice cause of action" (*Greene v Sager*, 78 AD3d 777, 779 [2010]). If the defendant makes such a prima facie showing, the burden then shifts to the plaintiff to raise an issue of fact necessitating a trial (*see Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d at 567; *Siciliano v Forchelli & Forchelli*, 17 AD3d 343, 345 [2005]).

"To establish a prima facie case of negligence in a so-called 'slip and fall' case, a plaintiff must demonstrate that the defendant either created the condition which caused the plaintiff's fall, or had actual or constructive notice of it" (*Graubart v Laro Maintenance*, 244 AD2d 457, 458 [1997]; *see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Moody v Woolworth Co.*, 288 AD2d 446 [2001]).

Here, Perez and Lewis failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law, as the evidence they submitted failed to eliminate a triable issue of fact as to whether there was an attorney-client relationship between them and the plaintiffs (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Nelson v Roth*, 69 AD3d 912, 913 [2010]). Moreover, contrary to their contention, Perez and Lewis failed to establish, prima facie, that the legal malpractice cause of action was time-barred (*see 730 J & J, LLC v Polizzotto & Polizzotto, Esqs.*, 69 AD3d 704, 705 [2010]). Further, all of the defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law, since they failed to submit evidence supporting their contention that their alleged malpractice did not cause the plaintiffs to sustain any losses because the plaintiffs would not have been able to establish that the premises owner had actual or constructive notice of the alleged defective condition.

Accordingly, since the defendants failed to meet their prima facie burden on their motions for summary judgment, those branches of the defendants' respective motions which were for summary judgment dismissing the cause of action alleging legal malpractice insofar as asserted against each of them were properly denied, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

The defendants' remaining contentions are not properly before this Court (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Rivera, J.P., Dickerson, Leventhal and Roman, JJ., concur.