The plaintiff allegedly sustained personal injuries when she tripped and fell over a hole in the parking lot of a shopping center. She retained the defendants to commence a personal *955 injury action on her behalf against Breslin Realty Development Corp. (hereinafter Breslin), the owner of the property where she allegedly fell. Thereafter, the Supreme Court granted Breslin’s motion for summary judgment and dismissed the underlying action. Specifically, the Supreme Court found that, in opposition to Breslin’s prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether Breslin either created or had actual or constructive notice of the alleged defect. The Supreme Court denied the plaintiffs motion for leave to renew and reargue her opposition to Breslin’s motion.
The plaintiff subsequently commenced the instant action to recover damages for legal malpractice, alleging, inter alia, that the defendants failed to timely locate potential notice witnesses and to properly oppose Breslin’s motion for summary judgment, which resulted in the dismissal of the underlying action. The defendants moved for summary judgment dismissing the complaint in the instant action, and the Supreme Court granted their motion.
“In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney’s breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]; see Lovino, Inc. v Lavallee Law Offs., 96 AD3d 910, 911-912 [2012]; Verdi v Jacoby & Meyers, LLP, 92 AD3d 771, 772 [2012]). “To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Barbieri v Fishoff, 98 AD3d 703 [2012]; Board of Mgrs. of Bay Club v Borah, Goldstein, Schwartz, Altschuler & Nahins, P.C., 97 AD3d 612, 613 [2012]). “To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements” (Verdi v Jacoby & Meyers, LLP, 92 AD3d at 772 [internal quotation marks omitted]).
Here, the defendants did not establish, prima facie, that the plaintiff will be unable to prove at least one of the elements of legal malpractice, and thus failed to demonstrate their entitlement to judgment as a matter of law (see Affordable Community, Inc. v Simon, 95 AD3d 1047, 1048 [2012]). Triable issues of fact *956 exist, inter alia, as to whether the defendants were negligent in their representation of the plaintiff in the underlying action. In light of our determination, we need not address the sufficiency of the plaintiff’s opposition papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.