In an action, inter alla, to recover damages for legal malpractice, the defendant Jose Polanco appeals from an order of the Supreme Court, Queens County (Lane, J), dated May 25, 2012, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the appellant’s motion which was for summary judgment dismissing so much of the third cause of action as alleged negligence and breach of fiduciary duty insofar as asserted against him, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the appellant’s motion which was for summary judgment dismissing the fifth cause of action, which alleged unjust enrichment, insofar *893 as asserted against him, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the appellant’s motion which was for summary judgment dismissing so much of the eighth cause of action as alleged negligent misrepresentation insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In September 2008, the plaintiffs, Karyll Blanco and Suamy Blanco, Jr. (hereinafter together the buyers), purchased a two-family home from the defendant Your First Home, LLC (hereinafter the seller). At the closing, the seller agreed to make certain repairs set forth on a punch list within 10 business days. Shortly after the closing, the buyers took occupancy of the premises.
According to the buyers, the seller never completed the punch list. Further, according to the buyers, after they moved into the premises, they discovered mold in various areas and found that water accumulated in the basement whenever it rained. Additionally, the buyers allege that when they tried to rent the apartment on the second floor of the house, they were informed that they could not do so because the house did not have a certificate of occupancy (hereinafter CO), and later learned that there were numerous “outstanding requirements” that needed to be satisfied before one could be obtained.
The buyers commenced this action against, among others, the seller and the attorney who represented the buyers in the transaction, the defendant Jose Polanco (hereinafter the appellant), alleging that they, and the other defendants in the action, colluded to defraud them in connection with the purchase of the premises by, inter alla, dissuading them from obtaining an inspection, representing that any repairs and construction required on the premises would be performed and paid for by the seller before or immediately after the closing, misrepresenting the condition of the premises, and misrepresenting that the apartment on the second floor could be rented immediately upon closing and that the premises had a CO. The buyers sought to recover damages from the appellant for, inter alla, legal malpractice, fraud, breach of fiduciary duty, negligence, unjust enrichment, and conspiracy to commit fraud.
The appellant moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion.
The Supreme Court properly denied that branch of the appellant’s motion which was for summary judgment dismissing so much of the third cause of action as sought to recover damages *894 for legal malpractice. “In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney ‘failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession’ and that the attorney’s breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages. To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301 [2002]). “ ‘To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements’ ” (Lever v Roesch, 101 AD3d 954, 955 [2012], quoting Verdi v Jacoby & Meyers, LLP, 92 AD3d 771, 772 [2012]; see Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956 [2013]). “Once a defendant makes this prima facie showing, the burden shifts to the plaintiff to raise an issue of fact requiring a trial” (Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d at 956; see Duque v Perez, 95 AD3d 937, 939 [2012]; Dempster v Liotti, 86 AD3d 169, 178-181 [2011]).
The appellant established his prima facie entitlement to judgment as a matter of law dismissing so much of the third cause of action as sought to recover damages for legal malpractice. However, in opposition to the appellant’s prima facie showing, the buyers raised a triable issue of fact. The buyers submitted evidence that the appellant had his nonattorney assistant pose as him and counsel the buyers throughout the transaction. The buyers also supplied proof that the appellant hastened them to sign the contract of sale without reading it and failed to advise them that by signing the contract, they were agreeing to purchase the premises “as is” and waiving their opportunity to conduct an inspection. The buyers also presented proof that, at the same time, the appellant reassured them that the seller would make needed repairs and advised them that they should trust the seller’s opinion that a professional inspection was not necessary. Additionally, the buyers presented proof that the appellant failed to ask the seller to fulfill its obligation under the contract of sale to provide a CO or “a letter from the building department ... to the effect that” no CO is required. Based on the foregoing, the buyers raised triable issues of fact as to whether the appellant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession in his advice and representation of them in the *895 underlying transaction. Moreover, contrary to the appellant’s contention, the buyers also raised a triable issue of fact as to whether these actions were a proximate cause of their alleged damages (see Barnett v Schwartz, 47 AD3d 197, 203-207 [2007]).
The Supreme Court also properly denied those branches of the appellant’s motion which were for summary judgment dismissing the causes of action sounding in fraud insofar as asserted against him. “To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury” (Bernardi v Spyratos, 79 AD3d 684, 687 [2010]; see Shoo v 39 Coll. Point Corp., 309 AD2d 850, 851 [2003]). Here, the buyers posited in their third, fourth, and eighth causes of action that the appellant committed fraud by, among other things, misrepresenting that the premises had a CO and thus, the apartment on the second floor of the premises could be rented immediately after the closing. In support of his motion for summary judgment, the appellant submitted evidence demonstrating that he did not make these misrepresentations. He also submitted a title report indicating that the structure on the premises was erected before the enforcement of CO regulations. Additionally, he argued that the buyers could not prove that these alleged misrepresentations persuaded them to purchase the premises inasmuch as they testified at their examinations before trial that they intended for a relative to live in the apartment and it was not until the relative moved out several months after the closing that they attempted to rent the apartment to a tenant.
In response, the buyers raised triable issues of fact by submitting their own affidavits, wherein they stated that the appellant made the above-mentioned misrepresentations. Further, the buyers submitted a report from the New York City Department of Buildings indicating that subsequent alterations may have been made to the premises, triggering the need for a CO and that various “outstanding requirements” needed to be satisfied before a CO could be obtained. Moreover, the buyers presented evidence that while they intended for their relative to live in the apartment, the relative paid rent and they purchased the premises relying on the rental income from the apartment to pay their mortgage.
The Supreme Court also properly denied that branch of the appellant’s motion which was for summary judgment dismiss *896 ing the sixth cause of action, which alleged conspiracy to commit fraud. “New York does not recognize civil conspiracy to commit a tort. . . as an independent cause of action” (Dickinson v Igoni, 76 AD3d 943, 945 [2010]; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986]; Brackett v Griswold, 112 NY 454, 466-467 [1889]). However, “a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme” (Litras v Litras, 254 AD2d 395, 396 [1998]; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d at 969; Brackett v Griswold, 112 NY at 466-467; Romano v Romano, 2 AD3d 430, 431-432 [2003]). “The allegation of conspiracy carries no greater burden, but also no less, than to assert adequately common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives. Therefore, under New York law, [i]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement. A bare conclusory allegation of conspiracy is usually held insufficient” (Faulkner v City of Yonkers, 105 AD3d 899, 900-901 [2013] [internal quotation marks and citations omitted]).
In opposition to the appellant’s prima facie showing, the buyers submitted evidence showing that the appellant had a relationship with the seller, pursuant to which he received over 100 referrals from the seller. Additionally, the buyers submitted evidence that when they were in the seller’s office, they were introduced to a nonattorney imposter posing as the appellant who told them that he was the appellant. The buyers also submitted evidence that while in the seller’s office, one of the seller’s employees told them that they did not need to get an inspection. The buyers also submitted evidence that the imposter told them to heed the seller’s opinion in this regard and advised them to sign a contract of sale without obtaining an inspection. When viewed as a whole, it may be inferred from this evidence that the appellant and the seller may have colluded to defraud the buyers in connection with the purchase of the premises.
Finally, we agree with the appellant’s contention that the Supreme Court should have granted those branches of his motion which were for summary judgment dismissing so much of the third cause of action as alleged negligence and breach of fiduciary duty insofar as asserted against him, the fifth cause of *897 action, which alleged unjust enrichment, insofar as asserted against him, and so much of the eighth cause of action as alleged negligent misrepresentation insofar as asserted against him. These claims were predicated on the same factual allegations as so much of the third cause of action as alleged legal malpractice, and the complaint did not allege damages distinct from the damages that were allegedly caused by legal malpractice (see Palmieri v Biggiani, 108 AD3d 604, 609 [2013]; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813-814 [2013]; Tsafatinos v Lee David Auerbach, P.C., 80 AD3d 749, 750 [2011]; Turner v Irving Finkelstein & Meirowitz, LLP, 61 AD3d 849, 850 [2009]; Sitar v Sitar, 50 AD3d 667, 670 [2008]; Town of Wallkill v Rosenstein, 40 AD3d 972, 974 [2007]). Mastro, J.R, Balkin, Miller and LaSalle, JJ., concur.