■ CATHERINE VERDON, Appellant, v M. SEAN DUFFY et al., Respondents. [993 NYS2d 96]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered July 3, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff retained the defendants to commence an action to recover damages for, inter alia, personal injuries that she allegedly sustained in an automobile accident. The defendant in the underlying personal injury action moved for summary judgment dismissing the complaint, on the ground that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. While that motion was pending, the plaintiff accepted a certain sum of money to settle the action.

The plaintiff subsequently commenced this action against her attorneys to recover damages for legal malpractice. The plaintiff alleges that the defendants were negligent in their representation of her in the underlying personal injury action, in that they caused her to settle that action for far less than the fair value of

her case. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

"To sustain a cause of action alleging legal malpractice, a plaintiff must establish that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession,' and that the attorney's breach of this duty proximately caused the plaintiff actual and ascertainable damages" (*Di Giacomo v Michael S. Langella, P.C.*, 119 AD3d 636, 637 [2014], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). "Even if a plaintiff establishes the first prong of a legal malpractice cause of action, the plaintiff must still demonstrate that he or she would have succeeded on the merits of the action but for the attorney's negligence" (*Di Giacomo v Michael S. Langella, P.C.*, 119 AD3d at 638). " '[A]s to [this] second prong, the plaintiff must plead and prove actual, ascertainable damages as a result of an attorney's negligence' " (*id.*, quoting *Dempster v Liotti*, 86 AD3d 169, 177 [2011]).

" 'To obtain summary judgment dismissing a complaint in an action to recover damages for legal malpractice, a defendant must demonstrate that the plaintiff is unable to prove at least one of the essential elements of [his or her] legal malpractice cause of action' " (*Di Giacomo v Michael S. Langella, P.C.*, 119 AD3d at 638, quoting *Boglia v Greenberg*, 63 AD3d 973, 974 [2009]).

Here, in support of their motion for summary judgment dismissing the complaint, the defendants established, prima facie, that the plaintiff would not have succeeded on the merits of the underlying personal injury action, as there was insufficient evidence to establish that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the automobile accident. Consequently, the defendants also established that they did not "fail[ ] to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community" (*Porello v Longworth*, 21 AD3d 541, 541 [2005]) when they advised her to accept a settlement offer in the sum that she ultimately accepted. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.