■ BARBARA PEDOTE et al., Respondents, v FREDERICK C. KELLY, ESQ., Appellant. [3 NYS3d 56]—

In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 26, 2012, which denied his motion for summary judgment dismissing the complaint and for the imposition of sanctions pursuant to 22 NYCRR 130-1.1 (a), and granted the plaintiffs' cross motion for leave to amend the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the complaint, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting the plaintiffs' cross motion for leave to amend the complaint, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the defendant.

The defendant attorney represented the plaintiffs in an action against the owner of a manufactured home park and in eviction proceedings. The plaintiffs commenced this action to recover damages for legal malpractice, alleging, inter alia, that the defendant failed to file a timely notice of appeal from an order adverse to them, failed to comply with discovery, and failed to communicate to them a settlement offer. The defendant moved for summary judgment dismissing the complaint and for the imposition of sanctions pursuant to 22 NYCRR 130-1.1 (a), and the plaintiffs cross-moved to amend the complaint. The Supreme Court denied the defendant's motion and granted the plaintiffs' cross motion.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that an attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the breach of such duty was the proximate cause of the plaintiff's damages" (*Portilla v Law Offs. of Arcia & Flanagan*, 112 AD3d 901, 901 [2013]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Soliman v O'Connor, McGuinness, Conte, Doyle & Oleson*, 118 AD3d 866, 867 [2014]). "To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her

cause of action alleging legal malpractice" (*Scartozzi v Potruch*, 72 AD3d 787, 789-790 [2010]; *see Biberaj v Acocella*, 120 AD3d 1285, 1286 [2014]).

Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that he did not fail to exercise the skill and knowledge commonly possessed by a member of the legal profession. In that respect, the defendant demonstrated that he filed a timely notice of appeal from an order adverse to the plaintiffs, that the failure to comply with discovery was the result of the plaintiffs' decision to retain a different attorney and concomitant failure to cooperate with him, and that no settlement offer was ever communicated to him. In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint (*see Guerrera v Zysk*, 119 AD3d 647, 648 [2014]; *Soliman v O'Connor, McGuinness, Conte, Doyle & Oleson*, 118 AD3d 866 [2014]).

Although leave to amend pleadings should be "freely given" (CPLR 3025 [b]; *see Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929, 931 [2008]), a court should deny such a motion when, as here, the proposed amendment is palpably insufficient or patently without merit (*see Congel v Malfitano*, 84 AD3d 1145, 1146 [2011]; *Brooks v Robinson*, 56 AD3d 406 [2008]).

The Supreme Court did not improvidently exercise its discretion in declining to impose sanctions on the plaintiffs and their counsel (*see* 22 NYCRR 130-1.1). Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.