■ Karen Buczek et al., Respondents, v Dell & Little, LLP, et al., Appellants. [7 NYS3d 558]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Feinman, J.), entered September 20, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

Karen Buczek, and her husband asserting a derivative cause of action, commenced this action alleging, inter alia, that the defendants committed legal malpractice in the prosecution of an underlying medical malpractice action. The plaintiffs alleged that the underlying medical malpractice action was voluntarily discontinued by the defendant attorneys insofar as asserted against North Shore University Hospital (hereinafter the Hospital) due to the defendants' legal malpractice, and that the complaint insofar as asserted against the other defendants in the underlying action was dismissed due to the defendants' failure to prosecute the action.

The defendants moved for summary judgment dismissing the complaint. They argued that the alleged instances of legal malpractice did not proximately cause the plaintiffs' damages. The defendants contended that the plaintiffs' action insofar as asserted against the Hospital would not have been successful since the Hospital staff involved in the underlying medical procedures properly carried out the directions of the attending private physicians and did not engage in any independent negligent acts. They contended, thus, that they properly consented to discontinue the action insofar as asserted against the Hospital. The defendants also contended that the court in the underlying action erred as a matter of law in dismissing the complaint insofar as asserted against the other defendants for failure to prosecute. The defendants argued that if the plaintiffs had appealed from the order dismissing the action, the order would have been reversed and the complaint insofar as asserted against the other defendants would have been reinstated. The Supreme Court denied the defendants' motion.

In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP*, 118 AD3d 968, 970 [2014]). "To establish causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence" (*Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP*, 118 AD3d at 970; *see Rudolf v Shayne,*

*Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Bells v Foster*, 83 AD3d 876, 877 [2011]).

To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of the essential elements (*see Valley Ventures, LLC v Joseph J. Haspel, PLLC*, 102 AD3d 955, 956 [2013]; *Lever v Roesch*, 101 AD3d 954, 955 [2012]; *Verdi v Jacoby & Meyers, LLP*, 92 AD3d 771, 772 [2012]). "Once a defendant makes this prima facie showing, the burden shifts to the plaintiff to raise an issue of fact requiring a trial" (*Valley Ventures, LLC v Joseph J. Haspel, PLLC*, 102 AD3d at 956; *see Blanco v Polanco*, 116 AD3d 892, 894 [2014]; *Duque v Perez*, 95 AD3d 937, 939 [2012]).

Here, the defendants established, prima facie, that the plaintiffs would not have succeeded on the merits of their underlying medical malpractice action insofar as asserted against the Hospital, regardless of whether the defendants consented to the discontinuance (*see Verdon v Duffy*, 120 AD3d 1343, 1344 [2014]; *Maiolini v McAdams & Fallon, P.C.*, 61 AD3d 644, 645 [2009]; *Campbell v Tamsen*, 37 AD3d 636, 636-637 [2007]; *Carlos v Lovett & Gould*, 29 AD3d 847, 849 [2006]). The defendants' submissions demonstrated that the Hospital staff involved in the underlying medical procedures properly carried out the directions of the attending private physicians and did not engage in any independent negligent acts (*see generally Corletta v Fischer*, 101 AD3d 929, 930 [2012]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether the legal malpractice alleged in the complaint was a proximate cause of the plaintiffs' failure to recover against the Hospital (*see Verdon v Duffy*, 120 AD3d at 1344; *Maiolini v McAdams & Fallon, P.C.*, 61 AD3d at 645).

The defendants also established, prima facie, that their alleged negligence in failing to prosecute the action was not a proximate cause of the damages alleged in the complaint since the plaintiffs chose not to appeal from the order that dismissed the complaint insofar as asserted against the other defendants. The failure to pursue an appeal in an underlying action bars a legal malpractice action where the client was likely to have succeeded on appeal in the underlying action (*see Grace v Law*, 24 NY3d 203, 206-207 [2014]; *see also Rupert v Gates & Adams, P.C.*, 83 AD3d 1393, 1396 [2011]). The Court of Appeals has stated that this "likely to succeed" standard "obviate[s] premature legal malpractice actions by allowing the appellate

courts to correct any trial court error and allow[s] attorneys to avoid unnecessary malpractice lawsuits by being given the opportunity to rectify their clients' unfavorable result" (*Grace v Law*, 24 NY3d at 210). By establishing that an appeal would likely have been successful, a defendant in a legal malpractice action can establish that the alleged negligence did not proximately cause the plaintiff's damages (*see id.*).

Here, the defendants' submissions demonstrated that the court in the underlying action dismissed the complaint insofar as asserted against the other defendants pursuant to CPLR 3216 in an order dated November 3, 2011. As the defendants correctly contend, that order would have been reversed on appeal since it was error, as a matter of law, to dismiss the action pursuant to CPLR 3216 where no 90-day demand had been served and where a note of issue had previously been filed and remained in effect (*see Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17, 20 [2013]; *Barbu v Savescu*, 49 AD3d 678, 678 [2008]; *Ballestero v Haf Edgecombe Assoc., L.P.*, 33 AD3d 952, 953 [2006]). Furthermore, the defendants adequately demonstrated that dismissal pursuant to CPLR 3404 was inapplicable since the case was not "marked off or stricken from the trial calendar" (*Berde v North Shore-Long Is. Jewish Health Sys., Inc.*, 98 AD3d 932, 932 [2012]). Accordingly, the defendants established, prima facie, that the plaintiffs were likely to have succeeded on appeal in the underlying action and that the asserted malpractice in failing to prosecute the action was not a proximate cause of the alleged damages (*see generally Grace v Law*, 24 NY3d at 210). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, since the defendants demonstrated that the alleged acts of legal malpractice did not proximately cause the alleged damages, and since the plaintiffs failed to raise a triable issue of fact in this regard, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Hall, Cohen and Miller, JJ., concur.