■ ANDREW FELDMAN et al., Appellants, v FINKELSTEIN & PARTNERS, LLP, et al., Respondents. [15 NYS3d 173]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated May 6, 2013, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On June 28, 2003, the plaintiff Andrew Feldman allegedly was injured when he was struck in the head by the arm of a toll gate as he drove his motorcycle through a toll plaza on a bridge. Following the accident, the plaintiff and his wife retained the defendant law firm, Finkelstein & Partners, LLP, to represent them in a personal injury action and derivative claim against the New York State Bridge Authority. During trial, the plaintiffs settled their action against the New York State Bridge Authority for the sum of $500,000. The plaintiffs subsequently commenced this action against the defendant law firm and a partner at the firm, George M. Levy, alleging, inter alia, that they committed legal malpractice by failing to include an allegation in the notice of claim that the accident had been

caused by the toll booth operator's negligence in manually operating the toll gate, and that the failure to allege this theory put their case in jeopardy of dismissal at trial, thus forcing them to accept an inadequate settlement. After discovery, the defendants moved for summary judgment dismissing the complaint and the plaintiffs cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *see Buczek v Dell & Little, LLP*, 127 AD3d 1121 [2015]). A claim for legal malpractice may remain viable, despite settlement of the underlying action, if settlement of the action was effectively compelled by the mistakes of counsel (*see Schiff v Sallah Law Firm, P.C.*, 128 AD3d 668 [2015]; *Boone v Bender*, 74 AD3d 1111, 1112 [2010]). "To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action" (*Scartozzi v Potruch*, 72 AD3d 787, 789-790 [2010]; *see Buczek v Dell & Little, LLP*, 127 AD3d 1121 [2015]; *Pedote v Kelly*, 124 AD3d 855 [2015]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not fail to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession (*see Pedote v Kelly*, 124 AD3d 855 [2015]). The defendants' evidentiary submissions demonstrated, inter alia, that the notice of claim and the pleadings prepared by them in the underlying personal injury action adequately set forth the theory of toll booth operator negligence allegedly omitted, and that the settlement of the underlying action was not effectively compelled by any mistakes on their part (*see Schiff v Sallah Law Firm, P.C.*, 128 AD3d 668 [2015]; *Boone v Bender*, 74 AD3d at 1113). In opposition, the plaintiffs' submissions, including the affirmation of a legal expert, which was merely conclusory, failed to raise a triable issue of fact (*see Barbieri v Fishoff*, 98

AD3d 703 [2012]; *Healy v Finz & Finz, P.C.*, 82 AD3d 704, 706 [2011]; *Brady v Bisogno & Meyerson*, 32 AD3d 410 [2006]). The plaintiffs' reliance upon the same evidence in support of their cross motion for summary judgment on the issue of liability was similarly insufficient to establish a prima facie case of legal malpractice.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the issue of liability. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.