Mazzurco v Gordon (2019 NY Slip Op 04931)





Mazzurco v Gordon


2019 NY Slip Op 04931


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-02258
 (Index No. 10774/13)

[*1]Vincent Mazzurco, respondent, 
v
Peter S. Gordon, etc., et al., appellants.


Law Offices of Richard J. DaVolio, P.C., Sayville, NY, for appellants.
Anthony J. Piacentini, Port Washington, NY, for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Sandford Neil Berland, J.), dated January 18, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In this action to recover damages for legal malpractice, the plaintiff alleges that the defendants failed to properly advise him and to protect his rights in an underlying mortgage foreclosure action, leading to the sale of his property at an auction. The matter was scheduled for trial, and after jury selection, the Supreme Court granted the defendants' application to preclude the plaintiff from calling certain fact witnesses due to discovery violations. The defendants then moved, with the court's permission, for summary judgment dismissing the complaint, contending that the plaintiff would be unable to meet his prima facie burden in the action in light of the court's preclusion of the fact witnesses. The court denied the motion, and the defendants appeal.
In moving for summary judgment dismissing a complaint alleging legal malpractice, a defendant must present evidence establishing, prima facie, that it did not breach the duty to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, or that the plaintiff did not sustain actual and ascertainable damages as a result of such deviation (see Panos v Eisen, 160 AD3d 759, 759-760; Lever v Roesch, 101 AD3d 954, 955).
Here, the defendants failed to meet their initial burden on their motion. The defendants sought to establish their prima facie entitlement to judgment as a matter of law by relying on the Supreme Court's preclusion order, but they failed to demonstrate, prima facie, that the plaintiff could not meet his burden of proof at trial through evidence other than the precluded fact witnesses. To the contrary, the defendants' own motion papers demonstrated the availability of other proof on which the plaintiff could rely at trial. Accordingly, we agree with the court's determination to deny the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court