Rabasco v Buckheit & Whelan, P.C. (2022 NY Slip Op 03754)

Rabasco v Buckheit & Whelan, P.C.

2022 NY Slip Op 03754

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2019-14362
 (Index No. 53283/17)

[*1]Joseph Rabasco, appellant, 
v
Buckheit & Whelan, P.C., et al., respondents.

Cascione, Purcigliotti & Galluzzi, P.C., Eastchester, NY (Thomas G. Cascione of counsel), for appellant.
Housman & Associates, P.C., Tarrytown, NY (Mark E. Housman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated December 2, 2019. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff retained the defendants to commence a medical malpractice action against the plaintiff's medical providers who performed a surgery in December 2011 to repair the plaintiff's fractured jaw (hereinafter the underlying action). The defendants retained the services of two experts and served expert disclosures on the medical providers pursuant to CPLR 3101(d). On the day the trial was scheduled to begin, the Supreme Court granted the medical providers' motion in limine to preclude all testimony from the plaintiff's experts on the ground that the medical providers had not been served with a report of the experts' physical examination of the plaintiff pursuant to 22 NYCRR 202.17 and directed dismissal of the complaint in the underlying action.
Thereafter, the plaintiff commenced this action against the defendants to recover damages for legal malpractice. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. The Supreme Court granted the defendants' motion, determining that they were entitled to dismissal of the amended complaint pursuant to CPLR 3211(a)(7). The plaintiff appeals.
In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP, 118 AD3d 968, 970). "To establish causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence" (Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP, 118 AD3d at 970). A [*2]party who is "likely to succeed" on an appeal in the underlying action is required to pursue an appeal before proceeding with a legal malpractice cause of action (Grace v Law, 24 NY3d 203, 210; see Buczek v Dell & Little, LLP, 127 AD3d 1121, 1123). By establishing that the client failed to pursue an appeal in the underlying action and that "an appeal would likely have been successful, a defendant in a legal malpractice action can establish that the alleged negligence did not proximately cause the plaintiff's damages" (Buczek v Dell & Little, LLP, 127 AD3d at 1124).
Here, as the Supreme Court properly determined, an appeal from the order, inter alia, directing dismissal of the complaint in the underlying action was likely to succeed on the ground that the court in the underlying action improvidently exercised its discretion when it precluded the plaintiff's experts from testifying entirely and directed dismissal of the complaint, rather than permitting the plaintiff's experts to offer limited testimony based upon their review of other evidence in the action independent from their physical examination of the plaintiff (see Shichman v Yasmer, 74 AD3d 1316, 1318; Hughes v Webb, 40 AD3d 1035, 1037; Neils v Darmochwal, 6 AD3d 589, 590). Moreover, the plaintiff had sufficient time to perfect the appeal in the underlying action after terminating the defendants' representation and failed to do so. Accordingly, the court properly granted the defendants' motion to dismiss the amended complaint pursuant to CPLR 3211(a)(7), as the defendants were not the proximate cause of the plaintiff's alleged damages (see Grace v Law, 24 NY3d at 210; Perks v Lauto & Garabedian, 306 AD2d 261, 262).
The parties' remaining contentions are without merit.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court