Dodenc v Dell & Dean, PLLC (2025 NY Slip Op 00650)

Dodenc v Dell & Dean, PLLC

2025 NY Slip Op 00650

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-00004
 (Index No. 605602/20)

[*1]Vasilje Dodenc, et al., respondents,
v
Dell & Dean, PLLC, appellant.

Marshall Dennehey, P.C., Melville, NY (Matthew K. Flanagan of counsel), for appellant.
Feldman, Kleidman, Collins & Sappe, LLP, Fishkill, NY (Terry D. Horner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered December 6, 2021. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice is granted.
On February 24, 2013, the plaintiff Vasilje Dodenc (hereinafter the injured plaintiff), a pedestrian, allegedly was injured when he was struck by a vehicle. The injured plaintiff and his wife, the plaintiff Elizabeth Dodenc, retained the defendant to commence an action, inter alia, to recover damages for personal injuries against the owner and operator of the vehicle. By order dated January 18, 2018, the Supreme Court granted a motion by the owner and operator of the vehicle for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
In June 2020, the plaintiffs commenced this action, among other things, to recover damages for legal malpractice, alleging that the defendant was negligent in its representation of the plaintiffs in the underlying personal injury action. The defendant moved for summary judgment dismissing the complaint. In an order entered December 6, 2021, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice. The defendant appeals.
"A plaintiff seeking to recover damages for legal malpractice must establish that (1) the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (McGlynn v Burns & Harris, Esq., 223 AD3d 733, 734-735 [internal quotation marks omitted]; see Nill v Schneider, 173 AD3d 753, 755). "Even [*2]if a plaintiff establishes the first prong of a legal malpractice cause of action, the plaintiff must still demonstrate that he or she would have succeeded on the merits of the action but for the attorney's negligence" (Di Giacomo v Michael S. Langella, P.C., 119 AD3d 636, 638; see Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956). "To succeed on a motion for summary judgment dismissing a legal malpractice action, a defendant must present evidence in admissible form establishing that at least one of the essential elements of legal malpractice cannot be satisfied" (Schmidt v Burner, 202 AD3d 1117, 1119; see Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d at 956).
Here, in support of its motion, the defendant submitted evidence demonstrating that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The defendant thus established, prima facie, that the plaintiffs would not have succeeded on the merits of the underlying personal injury action (see Verdon v Duffy, 120 AD3d 1343, 1344; cf. Detoni v McMinkens, 147 AD3d 1018, 1020). In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court