Scott v Schwartz (2025 NY Slip Op 01849)

Scott v Schwartz

2025 NY Slip Op 01849

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-23-2375
[*1]John Scott, Individually and as Executor of the Estate of Bernice Scott, Deceased, Appellant,
v
Charles R. Schwartz et al., Respondents.

Calendar Date:January 15, 2025

Before:Aarons, J.P., Fisher, McShan and Mackey, JJ.

Burner Prudenti Law, PC, East Setauket (Paul M. O'Brien of counsel), for appellant.
Monaco Cooper Lamme & Carr, PLLC, Albany (Jonathan E. Hansen of counsel), for Charles R. Schwartz and another, respondents.
Stephen J. Rehfuss, Latham, respondent pro se, and for Rehfuss Law Firm, PC, respondent.

Aarons, J.P.
Appeal from an order of the Supreme Court (Richard Platkin, J.), entered November 6, 2023 in Albany County, which, among other things, (1) granted a motion by defendants Charles R. Schwartz and Schwartz Law Firm for summary judgment dismissing the complaint against them, and (2) partially granted a motion by defendants Stephen J. Rehfuss and Rehfuss Law Firm, PC for summary judgment dismissing the complaint against them.
Bernice Scott (hereinafter decedent) was 89 years old and suffering from, among other things, Alzheimer's disease when she became a resident of a nursing home operated by the County of Albany. Following decedent's death in 2014, plaintiff, decedent's son and executor of decedent's estate, retained defendants Schwartz Law Firm and Charles R. Schwartz (hereinafter collectively referred to as SLF) to represent him in an action against the County for, among other things, alleged negligence in the care of decedent. SLF commenced plaintiff's action against the County by filing a summons with notice on February 10, 2016. In May 2016, after receiving two expert medical opinions concluding that the County did not fall below the standard of care in providing medical care and treatment to decedent, SLF informed plaintiff that the firm could not continue to represent him. SLF advised plaintiff that, to preserve any potential claim against the County, he should retain different counsel and arrange service of the summons with notice on the County on or before June 9, 2016 (see generally CPLR 306-b). Service of the summons with notice was effected by an attorney not associated with any defendant. The County promptly demanded a complaint on or about June 23, 2016, starting plaintiff's 20-day period to serve one (see CPLR 3012 [b]). The 20-day period expired in July 2016.
Meanwhile, plaintiff asked defendants Rehfuss Law Firm, PC and Stephen J. Rehfuss (hereinafter collectively referred to as RLF) to represent him in the action against the County. RLF was substituted as counsel in August 2016 and engaged a medical expert to opine on whether the County met the standard of care. That expert withdrew two weeks later, citing a conflict of interest, prompting RLF to engage a second medical expert to render an opinion. After receiving a report from that expert concluding that there was causation between the County's conduct and decedent's death, RLF filed the complaint in January 2017 and served it on the County in February 2017. The County rejected the complaint as untimely, and Supreme Court (McDonough, J.) subsequently denied plaintiff's motion for an extension of time to serve the complaint and granted the County's cross-motion to dismiss the action — which order was affirmed by this Court (Scott v County of Albany, 170 AD3d 1475 [3d Dept 2019], lv denied 34 NY3d 904 [2019]).
In 2019, plaintiff commenced this action against defendants, alleging, as relevant here, that the failure of SLF and RLF to timely file and serve a complaint in the action against [*2]the County, or timely move for an extension of time to do so, constituted legal malpractice. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment on defendants' liability. Supreme Court (Platkin, J.) denied plaintiff's cross-motion, granted SLF's motion and partially granted RLF's motion, leaving a breach of contract claim against RLF intact.[FN1] Plaintiff appeals, contending that the court erred in dismissing the legal malpractice claims.
"When considering a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations, and such should only be granted when there is no doubt as to the absence of triable issues of fact" (Lubrano-Birken v Ellis Hosp., 229 AD3d 873, 875 [3d Dept 2024] [internal quotation marks and citations omitted]). "In order to succeed on a legal malpractice claim, it is incumbent upon a plaintiff to demonstrate that the defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, that this failure was the proximate cause of actual damages to the plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence. Upon an application for summary judgment, the defendant is required to present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these elements" (Bachman-Richards v Pomeroy, 220 AD3d 1136, 1137 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Kaufman v Medical Liability Mut. Ins. Co., 121 AD3d 1459, 1460 [3d Dept 2014], lv denied 25 NY3d 906 [2015]). Where a defendant satisfies this threshold, the burden shifts to the plaintiff to submit competent proof raising a triable issue of fact (see Bachman-Richards v Pomeroy, 220 AD3d at 1137; Buczek v Dell & Little, LLP, 127 AD3d 1121, 1123 [2d Dept 2015]).
SLF satisfied its initial burden of showing the absence of causation by establishing that plaintiff would not have prevailed in the underlying action. To that end, SLF submitted, among other things, the expert affidavit of Sharon Brangman, a geriatric medical doctor who reviewed decedent's medical records, as well as numerous other documents, and concluded that the nursing home did not deviate from the standard of care while caring for decedent. Brangman explained that the 89-year-old decedent was weak and frail upon admission to the nursing home from the hospital, and was suffering from dementia, atrial fibrillation, hypertension, dysphagia, chronic kidney disease, gallbladder/liver disease, osteoporosis, incontinence and had been the victim of elder abuse. Brangman outlined, in detail[*3], how these multiple comorbidities resulted in decedent's deteriorating health and ultimately her death, and found no deviation in the standard of care with respect to the treatment and care provided to decedent.
As SLF presented sufficient evidence that plaintiff would not have prevailed in the action against the County (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442), the burden shifted to plaintiff to raise a triable issue of fact. Plaintiff failed to meet this burden. Plaintiff submitted the above-mentioned physician's report, which was unsworn and unaccompanied by an affidavit, concluding that there was a deviation from the standard of care and treatment provided to decedent. This report was not in admissible form and therefore was insufficient to raise a triable issue of fact that, but for SLF's alleged legal malpractice, plaintiff would have prevailed in the action against the County (see Buczek v Dell & Little, LLP, 127 AD3d at 1123). As such, Supreme Court properly granted SLF's motion for summary judgment (see id. at 1124).
Plaintiff's cross-motion also relies on the above-mentioned inadmissible report to establish RLF's liability for the loss of a meritorious claim against the County. Accordingly, Supreme Court appropriately searched the record and, finding Brangman's affidavit, awarded summary judgment to RLF dismissing the legal malpractice claim against it (see Humbert v Allen, 89 AD3d 804, 807 [2d Dept 2011]; Sand v City of New York, 83 AD3d 923, 926 [2d Dept 2011]).
Finally, plaintiff asserts that Supreme Court erred in relying on CPLR 3012-a to find that RLF could not be liable for legal malpractice. That provision requires, as relevant here, that a certificate of merit accompany a complaint in an action for medical malpractice (see CPLR 3012-a [1]). According to plaintiff, his action against the County was not one for medical malpractice but instead negligence. This issue, raised for the first time on appeal, is unpreserved for our review as plaintiff did not oppose defendants' motions on this ground (see Marshall v City of Albany, 184 AD3d 1043, 1044 [3d Dept 2020]; see generally Henry v New Jersey Tr. Corp., 39 NY3d 361, 367 [2023]). In any event, were we to consider plaintiff's contention, we would find it to be without merit as the facts alleged in the underlying compliant relate to medical treatment and care rather than ordinary negligence by the nursing home, which is "not within the ordinary experience and knowledge of laypersons" (Dunbar v Women & Children's Hosp. of Buffalo, 217 AD3d 1373, 1374 [4th Dept 2023] [internal quotation marks and citation omitted]; see also Currie v Oneida Health Sys., Inc., 222 AD3d 1284, 1288 [3d Dept 2023]).
Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.

Footnotes

Footnote 1: Supreme Court initially found that RLF was entitled to summary judgment on the legal malpractice claim based upon plaintiff's failure to present an expert opinion in response to RLF's initial showing that it was not negligent in its representation of plaintiff in the action against the County. Plaintiff does not expressly challenge the initial basis upon which the court granted RLF's summary judgment motion.