===================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-------------------------------------------------------------------
No. 165
John W. Grace,
          Respondent,
          v.
Michael R. Law, et al.,
          Appellants.



          Kevin E. Hulslander, for appellants Brenna et al.
          Michael Hutter, for appellants Law et al.
          Brian J. Bogner, for respondent.




ABDUS-SALAAM, J.:

          We are presented with an issue of first impression for

this Court:

          What effect does a client's failure to pursue an appeal

in an underlying action have on his or her ability to maintain a

legal malpractice lawsuit?  We hold that the failure to appeal

- 1 -

bars the legal malpractice action only where the client was likely to have succeeded on appeal in the underlying action.


I.

In October 2002, plaintiff John W. Grace began receiving treatment for an eye condition at the Veteran's Administration Rochester Outpatient Clinic (VA Clinic) from ophthalmologist Dr. Shoba Boghani. Plaintiff's July 2003 appointment with her, however, was cancelled and not rescheduled for approximately one year. When plaintiff returned in August 2004, another VA ophthalmologist scheduled a consultation for plaintiff with Rochester Eye Associates. During that appointment, plaintiff was diagnosed with neovascular glaucoma, which ultimately left him blind in his right eye. At some point, plaintiff apparently learned that his blindness may have been prevented had it been detected earlier.

In June 2006, plaintiff retained Robert L. Brenna, Jr. and Brenna, Brenna & Boyce, PLLC (the Brenna defendants), to bring an administrative proceeding against the Veteran's Administration (the VA) for malpractice due to its alleged failure to diagnose the eye condition and follow up with plaintiff after the VA canceled his July 2003 appointment. When delays occurred in the proceeding that the Brenna defendants brought on plaintiff's behalf, they recommended that plaintiff retain Michael R. Law and Phillips Lytle LLP (the Law defendants)

to pursue a medical malpractice action against the VA.

In January 2008, plaintiff, represented by the Law defendants, filed an action in federal court against the United States and the VA under the Federal Tort Claims Act for medical malpractice and negligence in cancelling his July 2003 appointment (hereinafter the underlying action).  At some point, the Law defendants learned that Dr. Boghani was not employed by the VA but was instead an employee of the University of Rochester (University), one of their existing clients.  Because of this conflict, they informed plaintiff that they could no longer represent him.  The Brenna defendants resumed representation of plaintiff.  On December 8, 2008, an order was signed by the District Court, directing the substitution of counsel.

The VA was granted leave to commence a third-party action against Dr. Boghani and the University.  Plaintiff amended his complaint to add Dr. Boghani and the University as defendants.  Dr. Boghani and the University moved for summary judgment dismissing the claims against them as time-barred.  The VA also moved for summary judgment based upon lack of jurisdiction, alleging that it was not liable to plaintiff because Dr. Boghani was not its employee.

Holding that plaintiff's claims against Dr. Boghani and the University were time-barred, the United States District Court for the Western District of New York granted defendants' motion for summary judgment (see Grace v United States, 754 F Supp 2d

585, 602 [WD NY 2010]).  The court determined that Dr. Bohgani was an independent contractor, not an employee of the VA, and thus, jurisdiction was lacking for plaintiff's claim that it was liable for Dr. Boghani's actions.  The court granted the VA's motion for summary judgment to that extent (see id. at 597-598). Plaintiff's remaining claim for malpractice based on the VA's failure to reschedule his appointment, however, survived the VA's motion.

Thereafter, Brenna sent plaintiff a letter which stated that plaintiff was unlikely to succeed on the remaining claim against the VA, and that a trial on that claim would be lengthy and, due to expert costs, expensive.  Plaintiff thus directed the Brenna defendants to discontinue the underlying action.

Subsequently, plaintiff retained his current counsel to sue the Brenna defendants and the Law defendants for legal malpractice in failing to timely sue Dr. Boghani and the University.  The Law defendants answered that plaintiff was estopped from commencing this action because he failed to appeal the underlying action.  They later moved for leave to amend their answer to assert a statute of limitations defense, and upon amendment, for summary judgment in their favor, dismissing the complaint.  The Brenna defendants also moved for summary judgment.  They argued that plaintiff voluntarily discontinued the underlying action, thus forfeiting any right he may have had to pursue this legal malpractice action, and that they were not

responsible for the Law defendants' failure to initially sue Dr. Boghani and the University because they did not initiate the action.

Supreme Court granted the Law defendants' motion to amend their answer, denied their motion for summary judgment, and denied the Brenna defendants' motion for summary judgment. Both defendants appealed.

The Appellate Division, with one justice dissenting, affirmed the Supreme Court order (Grace v Law, 108 AD3d 1173 [4th Dept 2013]). The court observed that while this is an issue of first impression in New York, a per se rule that failure to appeal in an underlying action bars a legal malpractice claim has been rejected by several of our sister states. The court concluded that "defendants failed to establish that plaintiff was likely to succeed on appeal . . . and, therefore, that their alleged negligence was not a proximate cause of his damages" (id. at 1176). The court determined that the record was insufficient to hold that defendants' "representation of plaintiff did not preclude him from prevailing in the underlying lawsuit or upon appeal" (id.). In denying the Law defendants' motion for summary judgment, the court held that "the continuous representation doctrine applied to toll the statute of limitations" (id. at 1177).[1]

_____

[1] The dissenting justice concluded that a nonfrivolous appeal standard should be applied, and because plaintiff's claims

The Appellate Division granted defendants' motions for leave to appeal to this Court, and certified the question of whether the order was properly made.


                              II.

While this Court has not had occasion to enunciate the appropriate standard for bringing legal malpractice lawsuits in the circumstances presented here, the Appellate Division Departments have examined similar circumstances (see Rupert v Gates & Adams, P.C., 83 AD3d 1393 [4th Dept 2011]; Rodriguez v Fredericks, 213 AD2d 176 [1st Dept 1995]).  Those decisions -- presented in the settlement context -- generally stand for the proposition that an attorney should be given the opportunity to vindicate him or herself on appeal of an underlying action prior to being subjected to a legal malpractice suit.

Defendants contend that a plaintiff forfeits his or her opportunity to commence a legal malpractice action when he or she fails to pursue a nonfrivolous or meritorious appeal that a reasonable lawyer would pursue (see Sands v State of New York, 49 AD3d 444, 444 [1st Dept 2008]; see also MB Indus., LLC v CNA Ins. Co., 74 So 3d 1173 [LA 2011]; Rondeno v Law Office of William J. Vincent, 111 So 3d 515, 524 [LA 4th CCA 2013]).  In contrast, plaintiff urges us to adopt a "likely to succeed" standard.

---

in the underlying action were not frivolous, he should be required to appeal prior to bringing the legal malpractice suit.

Courts applying the "likely to succeed" standard analyze whether a client can commence a legal malpractice action without taking an appeal in the underlying action based upon the likelihood of success on that underlying appeal.  In Hewitt v Allen (118 Nev 216 [Nev 2002]), the Supreme Court of Nevada held that the voluntary dismissal of an underlying appeal does not constitute abandonment where the appeal "would be fruitless or without merit" (id. at 216).  The United States District Court for the District of Nevada interpreted Hewitt to mean that a defendant would have to show that the pending appeal was "likely" to succeed (U-Haul Co. of Nevada, Inc. v Gregory J. Kramer, Ltd., 2013 WL 4505800, at *2 [D. Nev. 2013]).  Florida courts have held that "[w]here a party's loss results from judicial error occasioned by the attorney's curable, nonprejudicial mistake in the conduct of the litigation, and the error would most likely have been corrected on appeal, the cause of action for legal malpractice is abandoned if a final appellate decision is not obtained" (Segall v Segall, 632 So 2d 76, 78 [Fla 2d DCA 1993]; see Technical Packaging, Inc. v Hanchett, 990 So 2d 309, 316 [Fla 2d DCA 2008]; Eastman v Flor-Ohio, Ltd., 744 So 2d 499, 504 [Fla 5th DCA 1999]).

Defendants argue that the "likely to succeed" standard should not be adopted because it requires courts to speculate on the outcome of the underlying appeal.  They posit, nevertheless, that even were we to adopt the "likely to succeed" standard,

plaintiff could have succeeded on an appeal of the underlying action and, thus, should not be allowed to sue them for legal malpractice.

Here, the Appellate Division adopted the likely to succeed standard employed by our sister states with a proximate cause element.[2]  We agree that this is the proper standard, and that prior to commencing a legal malpractice action, a party who is likely to succeed on appeal of the underlying action should be required to press an appeal.  However, if the client is not likely to succeed, he or she may bring a legal malpractice action without first pursuing an appeal of the underlying action.

On balance, the likely to succeed standard is the most efficient and fair for all parties.  This standard will obviate premature legal malpractice actions by allowing the appellate courts to correct any trial court error and allow attorneys to avoid unnecessary malpractice lawsuits by being given the opportunity to rectify their clients' unfavorable result. Contrary to defendants' assertion that this standard will require courts to speculate on the success of an appeal, courts engage in this type of analysis when deciding legal malpractice actions generally (see Davis v Klein, 88 NY2d 1008, 1009-1010 [1996] ["In order to establish a prima facie case of legal malpractice, a plaintiff must demonstrate that the plaintiff would have

---

[2]  Utah courts too consider proximate cause in analyzing this issue (see Crestwood Cove Apts. Bus. Trust v Turner, 164 P3d 1247 [Utah 2007]).

succeeded on the merits of the underlying action but for the attorney's negligence"]; see also Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442-443 [2007]; McKenna v Forsyth & Forsyth, 280 AD2d 79, 82 [4th Dept 2001]).  We reject the nonfrivolous/meritorious appeal standard proposed by defendants as that would require virtually any client to pursue an appeal prior to suing for legal malpractice.


                              III.

          Applying the likely to succeed standard to the merits of this case, the Appellate Division reached the correct result.

          On this record, defendants failed to provide sufficient evidence to determine that plaintiff would have been successful on appeal in demonstrating that Dr. Boghani was a VA employee, rather than an independent contractor counsel was required to name as a defendant separate from the VA (see Lone v United States, 910 F2d 46, 50 [2d Cir 1990], cert denied 499 US 95 [1991]; see also United States v Orleans, 425 US 807, 813 [1976]).  As support, defendants submitted the contract between the VA and the University, which indicates, among other things, that Dr. Boghani was required to work at the VA Clinic six days per month, was under the general direction of the VA, and the University paid Dr. Boghani's salary but was reimbursed by the VA.  This information is insufficient to definitively determine whether Dr. Boghani was a VA employee, and thus, the Appellate

Division correctly held that defendants failed to meet their summary judgment burden on this issue.

Regarding the Law defendants' motion for summary judgment on the ground that plaintiff's claims against them are time-barred, the statute of limitations in a legal malpractice action is three years from the accrual of the claim (see CPLR § 214). Plaintiff commenced this action on December 5, 2011. The Law defendants claim that plaintiff should have known as early as September 26, 2008, that they would no longer be able to represent him and that the Brenna defendants would be taking over the case. Plaintiff, however, claims that he did not learn of the substitution of counsel until December 8, 2008, when the official stipulated order substituting counsel was issued by the District Court.

"[T]he rule of continuous representation tolls the running of the [s]tatute of [l]imitations on the malpractice claim until the ongoing representation is completed" (Shumsky v Eisenstein, 96 NY2d 164, 167-168 [2001]). Plaintiff has raised a triable issue of fact as to whether the doctrine of continuous representation tolled the statute of limitations because it is unclear when the Law defendants' representation of plaintiff ended. Therefore, the Appellate Division properly denied the Law defendants' motion for summary judgment based on the statute of limitations.

Accordingly, the Appellate Division order should be

affirmed, with costs, and the certified question answered in the

affirmative.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, and certified question answered in
the affirmative.  Opinion by Judge Abdus-Salaam.  Chief Judge
Lippman and Judges Graffeo, Read, Smith and Rivera concur.  Judge
Pigott took no part.


Decided October 21, 2014