Colucci v Rzepka (2022 NY Slip Op 06043)

Colucci v Rzepka

2022 NY Slip Op 06043

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

533590
[*1]Lora Colucci et al., Appellants,
v
Thomas J. Rzepka, Defendant, and Osborn Reed & Burke, LLP, et al., Respondents.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Oliver Law Office, Albany (Lewis B. Oliver Jr. of counsel), for appellants.
Cabaniss Casey, LLP, Albany (David B. Cabaniss of counsel), for Osborn Reed & Burke, LLP, respondent.
Bressler & Kunze, Rochester (Karl W. Kunze of counsel), for Bressler & Kunze, respondent.
Goldberg Segalla, Syracuse (Jonathan M. Bernstein of counsel), for Burke Albright Harter & Reddy, LLP, respondent.
Traub Lieberman Strauss & Shrewsberry, LLP, Hawthorne (Lisa L. Shrewsberry of counsel), for Moyer, Russi & Randall, PC, respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Justin Corcoran, J.), entered March 22, 2021 in Albany County, which granted certain defendants' motions to dismiss the complaint against them.
Plaintiff Lora Colucci, who was the owner of plaintiff Yar-Lo, Inc., entered into a lease in 1990 with Stuyvesant Plaza, a shopping center, to operate a cosmetics store. During the lease period, the leased premises experienced sewage system backup and overflows that purportedly exposed the store to mold and raw sewage. In 2005, plaintiffs terminated the lease and submitted a claim to Travelers Indemnity Company, their commercial insurer, for business interruption coverage, which was denied. They subsequently retained defendant Thomas J. Rzepka to commence litigation against Travelers, for the wrongful denial of the insurance claim, and against Stuyvesant Plaza, for breach of the lease. Rzepka initiated an action on behalf of Yar-Lo against Travelers in December 2006 that was dismissed by Supreme Court (Caruso, J.) upon summary judgment, which order this Court affirmed (Yar-Lo, Inc. v Travelers Indem. Co., 130 AD3d 1402, 1404 [3d Dept 2015]).
In 2007, Rzepka instituted an action on behalf of plaintiffs against Stuyvesant Plaza seeking damages stemming from Colucci's personal injuries due to her exposure to the raw sewage and mold as well as the closure of her business. Following prolonged discovery, Supreme Court (Kramer, J.) directed plaintiffs and Stuyvesant Plaza to submit expert disclosure by May 2015 and all dispositive motions by August 2015. Stuyvesant Plaza timely filed expert disclosures pertaining to plumbing and medical experts as well as a motion for summary judgment seeking dismissal of the complaint based on plaintiffs' failure to submit any expert proof that Colucci's injuries and damages were caused by its actions. Rzepka did not comply with the deadlines but requested an adjournment of the return date for responsive papers to the summary judgment motion. The court granted the adjournment, which was conditioned upon Rzepka's consent that the deadline for expert disclosure would not be similarly extended. Rzepka obtained another adjournment of the return date and, in the meantime, submitted a cross motion for summary judgment with incomplete supporting papers. On the day of the new return date, Rzepka moved to withdraw from his representation of plaintiffs, which he ceased by affirmation in December 2015.
In January 2016, Supreme Court granted Rzepka's motion to be relieved as counsel for plaintiffs. Substitute counsel subsequently submitted papers opposing Stuyvesant Plaza's summary judgment motion that included expert affidavits related to, among other things, Colucci's injuries and the plumbing issues, despite the court's prior clarification that such expert disclosures would not be considered. Following oral arguments, the court granted Stuyvesant Plaza's motion for summary judgment dismissing the complaint. On appeal, this Court affirmed [*2]in a January 2018 order, primarily based on plaintiffs' inability to prove causation given their failure to timely submit expert affidavits and opinions (Colucci v Stuyvesant Plaza, Inc., 157 AD3d 1095, 1097-1101 [3d Dept 2018], lv denied 31 NY3d 906 [2018]).
In May 2020, plaintiffs commenced this legal malpractice action seeking, among other things, damages arising from Rzepka's representation in plaintiffs' action against Stuyvesant Plaza. Defendants Osborne Reed & Burke, LLP, Bressler & Kunze, Burke Albright Harter & Reddy, LLP and Moyer Russi & Randall, PC (hereinafter collectively referred to as the law firms) respectively moved pre-answer to dismiss the complaint against them as time-barred and for failure to state a cause of action (see CPLR 3211 [a] [5], [7]). Rzepka joined issue but did not submit any dispositive motions. In turn, plaintiffs opposed all of the motions to dismiss, except for the one by Burke Albright Harter & Reddy. Ultimately, Supreme Court (Corcoran, J.) determined, among other things, that the action was time-barred against the law firms and dismissed the complaint as against them. Plaintiffs appeal.
We affirm. "An action to recover damages arising from legal malpractice must be commenced within three years after accrual" (Zorn v Gilbert, 8 NY3d 933, 933-934 [2007] [citation omitted]; see CPLR 214 [6]). In the civil context, the claim "accrues when the malpractice is committed" (Ruggiero v Powers, 284 AD2d 593, 594 [3d Dept 2001], lv dismissed 97 NY2d 638 [2001]), "not at the time that the injury is discovered" (Lavelle-Tomko v Aswad & Ingraham, 191 AD3d 1142, 1143 [3d Dept 2021]; see McCoy v Feinman, 99 NY2d 295, 301 [2002]). As the moving parties, the law firms bear the "the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 915 [3d Dept 2018] [internal quotation marks and citations omitted]; see Lavelle-Tomko v Aswad & Ingraham, 191 AD3d at 1143-1144). To that end, the law firms established that this action was brought after the three-year statute of limitations accrued inasmuch as Rzepka ceased representation of plaintiffs in December 2015 and this action was not commenced until May 2020. Thus, the burden shifted to plaintiffs "to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by . . . defendant[s]" (State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d 104, 110 [3d Dept 2017] [internal quotation marks and citations omitted]; see Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1367 [3d Dept 2019], lv denied 34 NY3d 908 [2020]).
Plaintiffs failed to meet their shifted burden. Specifically, plaintiffs erroneously rely upon Grace v Law (24 NY3d 203 [2014]) for the proposition that they were not permitted to commence this action until the appeal of the Stuyvesant Plaza action [*3]was resolved in January 2018. In Grace v Law, the Court of Appeals held "that prior to commencing a legal malpractice action, a party who is likely to succeed on appeal of the underlying action should be required to press an appeal. However, if the client is not likely to succeed, [the client] may bring a legal malpractice action without first pursuing an appeal of the underlying action" (id. at 210 [emphasis added]). Here, given Supreme Court's "broad discretion in controlling discovery and disclosure" (Colucci v Stuyvesant Plaza, Inc., 157 AD3d at 1098 [internal quotation marks and citations omitted]), plaintiffs' appeal from the Stuyvesant Plaza action was not "likely to succeed," such that it was not necessary for them to file an appeal pursuant to the standard set forth in Grace v Law (24 NY3d at 210; see Florists' Mut. Ins. Co., Inc. v Behman Hambelton, LLP, 160 AD3d 502, 502 [1st Dept 2018]).[FN1] Thus, plaintiffs were not "forced" to file an appeal prior to commencing the legal malpractice action. If plaintiffs believed the best course of action was to also file an appeal, they were certainly free to, but this did not toll the statute of limitations.[FN2] Rather, the preferable course of action would have been to both timely commence the legal malpractice action and pursue an appeal and then request a stay of the legal malpractice action until determination of the appeal (see Spitzer v Newman, 163 AD3d 1026, 1027-1028 [2d Dept 2018]). Accordingly, Supreme Court did not err in granting the law firms' motions to dismiss the complaint as untimely. In light of this determination, plaintiffs' remaining contentions have been rendered academic.
Egan Jr., J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.

Footnotes

Footnote 1: Not only was the appeal not likely to succeed (see Grace v Law, 24 NY3d at 210), but in fact did not succeed as this Court affirmed Supreme Court's order (Colucci v Stuyvesant Plaza, Inc., 157 AD3d at 1101).

Footnote 2: This decision specifically does not address whether Grace v Law implies that such a toll arises where an appeal is one that is likely to succeed, but ultimately does not.