**Xiuwen Qi v Hang & Assoc., PLLC**

2025 NY Slip Op 31308(U)

April 16, 2025

Supreme Court, New York County

Docket Number: Index No. 151821/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

---------------------------------------------------------------------X

XIUWEN QI,

         Plaintiff,

      - v -

HANG & ASSOCIATES, PLLC, JIAN HANG, JIAJING FAN,
SHAN ZHU, ZHANGYUXI WANG,

         Defendant.

--------------------------------------------------------------------X


HANG & ASSOCIATES, PLLC, JIAN HANG, JIAJING FAN,
SHAN ZHU, ZHANGYUXI WANG

         Plaintiff,

      -against-

TROY LAW PLLC, JOHN TROY, TIFFANY TROY, AARON
SCHWEITZER

         Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151821/2023 |
| MOTION DATE | 11/25/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595524/2023

The following e-filed documents, listed by NYSCEF document number (Motion 004) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 86, 94, 97

were read on this motion to/for            RENEWAL          .

      Upon the foregoing documents, and after a final submission date of February 14, 2025, Defendants/Third-Party Plaintiffs Hang & Associates, PLLC, Jian Hang, Jiajing Fan, Shan Zhu, and Zhangyuxi Wang (collectively "Third-Party Plaintiffs") motion for seeking leave to renew partially this Court's Decision and Order dated September 3, 2024 is denied, without prejudice.

      Third-Party Plaintiffs seek leave to renew the portion of this Court's Decision and Order dismissing their contribution claim asserted against Third-Party Defendants Troy Law PLLC, John Troy, Tiffany Troy, and Aaron Schweitzer ("Third-Party Defendants"). Third-Party Plaintiffs are

being sued by Plaintiff for legal malpractice for allowing his wage and hour dispute to be dismissed based on their multiple administrative defaults of Court orders (*Qi v Famous Sichuan New York Inc.,* Index No. 656826/2019 [the "2019 Action"]).  Third Party Plaintiffs filed a contribution claim against Third-Party Defendants, who are representing Plaintiff in a new wage and hour case, which attempted to restore some of the claims administratively dismissed in the 2019 Action (*Qi v Famous Sichuan New York Inc.,* et al., 650984/2022 [the "2022 Action"]). In the 2022 Action, some of Plaintiff's claims were dismissed based on the statute of limitations after Third-Party Defendants failed to raise Governor Cuomo's Executive Orders tolling the statute of limitations ("Covid-19 toll") as a defense. Third-Party Plaintiffs theory of contribution is that some of the damages Plaintiff is seeking from them could have been avoided had Third-Party Defendants raised the Covid-19 toll.

In its prior decision, the Court dismissed the contribution claim because when Third-Party Defendants allegedly failed to raise the Covid-19 toll there was no settled case law in the First Department stating definitively that Governor Cuomo's Executive Orders constituted a toll. The First Department's clarifying decision in *Murphy v. Harris*, 210 AD3d 410 (1st Dept 2022) was not issued until after Third-Party Defendants had submitted opposition to the dispositive motion in the 2022 Action.

At the time of this Court's Decision and Order dismissing the Third-Party Complaint, a motion to renew in the 2022 Action remained *sub judice*, which made the claim for contribution against Third-Party Defendants premature. The damage from the Third-Party Defendants' alleged malpractice could be eliminated depending on the outcome of certain available remedies in the 2022 Action. Since this Court's Decision and Order dismissing the Third-Party Complaint, the pending motion to renew in the 2022 Action was denied. Now, Third-Party Plaintiffs now ask this

151821/2023   QI, XIUWEN vs. HANG & ASSOCIATES, PLLC ET AL
Motion No. 004

Page 2 of 4

Court for leave to renew, and upon renewal seek reinstatement of their third-party contribution claim. The Third-Party Defendants oppose.

CPLR 2221(e) provides renewal "shall be based upon new facts not offered on the prior motion that would change the prior determination." It is well established that "[r]enewal is granted sparingly" (*Peretta v New York City Tr. Auth.*, 230 AD3d 428, 432 [1st Dept 2024] quoting *Wade v Giacobbe,* 176 AD3d 641, 641 [1st Dept 2019], *lv dismissed* 35 NY3d 937 [2020]). Whether to grant leave to renew is generally within the discretion of the Court (*see generally BLDG ABI Enterprises, LLC v 711 Second Ave Corp.*, 116 AD3d 617, 618 [1st Dept 2014]).

Here, the Court denies leave to renew. Although Third-Party Plaintiffs have proffered a new fact, namely the denial of the motion to renew in the 2022 action, this new fact does not change this Court's prior determination that the contribution claim was impermissibly premature and speculative.

The Court found the contribution claim as it relates to Third-Party Defendants alleged failure to raise the Covid-19 toll premature and speculative because remedies which could eliminate the alleged damages remained *sub judice* or had not yet been exhausted. A review of the 2022 Action's docket shows that remains the case: Third-Party Defendants have filed a notice of appeal regarding the denial of their motion to renew, and there is now *sub judice* a motion to reargue.[1] Just as when the Court originally dismissed the Third-Party Complaint, there are still unresolved remedies which may eliminate the alleged damages sought in the third-party contribution claim. Therefore, leave to renew is denied (*see Grace v Law*, 24 NY3d 203, 210 [2014] [legal malpractice actions premature prior to appellate court or underlying trial court being given opportunity to rectify unfavorable result]). The denial is without prejudice, as the

---

[1] The Court does not pass on the merits of these remedies.

**151821/2023   QI, XIUWEN vs. HANG & ASSOCIATES, PLLC ET AL**
**Motion No. 004**

[* 3]

contribution claim may be reasserted depending on the outcome of the motion to reargue and/or notice of appeal.

Accordingly, it is hereby,

ORDERED that Third-Party Plaintiff's motion seeking leave to renew is denied; and it is further

ORDERED that within ten days of entry, counsel for Third-Party Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

|  |  |
|---|---|
| _4/16/2025_ | _My V Rosado JSC_ |
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151821/2023 QI, XIUWEN vs. HANG & ASSOCIATES, PLLC ET AL** Page 4 of 4
**Motion No. 004**

4 of 4